JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Lakewood Hospital Teen Health Center ("Lakewood"), appeals the decision of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, denying Lakewood's motion for a protective order to preclude disclosure of privileged records. For the reasons outlined below, we reverse and remand. The following facts give rise to this appeal.
 {¶ 2} Christine M. Rulong and Daniel C. Rulong were divorced in 1994 when they entered into a shared parenting plan for their two minor daughters. In February 2004, Daniel Rulong filed a series of motions relating to the custody of his daughters. In response, the trial court appointed Megan J. Corsi ("Guardian") as guardian ad litem for both minor daughters, effective March 30, 2004.
 {¶ 3} Daniel Rulong then sought release to the Guardian of confidential mental health records pertaining to one of his daughters for counseling she received from Kristene Jares, a licensed social worker and family counselor, at Lakewood. Daniel Rulong executed a release for the records and compelled his ex-wife by court order to also sign a release, although she objected to the release of the records. The sixteen-year-old minor daughter in question did not give consent to have the records released.
 {¶ 4} A subpoena for the records was issued on June 7, 2004, and Lakewood responded with a motion for a protective order on June 10, 2004, pursuant to both Civ.R. 26(B)(1) and Civ.R. 26(C)(1). The trial court held a hearing on July 1, 2004. The trial court denied Lakewood's motion for a protective order and ordered that the records should be immediately turned over to the Guardian. Lakewood filed this appeal, citing the social worker-client privilege. Lakewood raises one assignment of error:
 {¶ 5} "The trial court erred in denying Lakewood Hospital Teen Health Center's motion for a protective order."
 {¶ 6} This is a case of first impression, addressing the question of whether mental health records involving a minor are privileged records precluding disclosure by a licensed social worker.
 {¶ 7} In determining the standard of review to be applied, we find guidance from cases involving the physician-patient privilege under R.C. 2317.02(B). An appeal from the interpretation and application of R.C. 2317.02(B) is reviewed as involving an issue of law. Accord Ward v. Johnson's Indus.Caterers, Inc. (June 25, 1998), Franklin App. No. 97APE11-1531. Since R.C. 2317.02(G), involving licensed social workers, is analogous to the physician-patient privilege under R.C.2317.02(B), the same legal standard applies. In Ohio, the physician-patient privilege is governed by R.C. 2317.02(B). As a general rule, a physician may not testify concerning a communication made to the physician by a patient. R.C. 2317.02
(B) (1). Privileged physician-patient "communication" includes medical records. See State v. Bourdess (Oct. 7, 1999), Cuyahoga App. No. 74842. The same application applies to the records of licensed social workers compiled in a hospital setting.
 {¶ 8} This court has previously found that confidential communications between a client and a social worker are privileged communications pursuant to R.C. 2317.02(G). Brunkowv. Brunkow, (Nov. 23, 1988), Cuyahoga App. No. 55458. Further, this court has held that the mere fact that privileged material between a social worker and a client is relevant does not make it discoverable. Voss v. Voss (June 12, 1989), Cuyahoga App. No. 55473.
 {¶ 9} Lakewood cites to R.C. 2317.02(G)(1) for the proposition that the records in question are privileged and cannot be disclosed by a licensed social worker unless the client gives express consent or an exception under the statute applies. The statute reads as follows:
"2317.02 Privileged communications.
 "The following persons shall not testify in certain respects:* * * (G) (1) A school guidance counselor who holds a valideducator license from the state board of education as providedfor in section 3319.22 of the Revised Code, a person licensedunder Chapter 4757. of the Revised Code as a professionalclinical counselor, professional counselor, social worker,independent social worker, marriage and family therapist orindependent marriage and family therapist, or registered underChapter 4757. of the Revised Code as a social work assistantconcerning a confidential communication received from a client inthat relation or the person's advice to a client unless any ofthe following applies:
 "(a) The communication or advice indicates clear and presentdanger to the client or other persons. For the purposes of thisdivision, cases in which there are indications of present or pastchild abuse or neglect of the client constitute a clear andpresent danger.
 "(b) The client gives express consent to the testimony.
 "(c) If the client is deceased, the surviving spouse or theexecutor or administrator of the estate of the deceased clientgives express consent.
 "(d) The client voluntarily testifies, in which case theschool guidance counselor or person licensed or registered underChapter 4757. of the Revised Code may be compelled to testify onthe same subject.
 "(e) The court in camera determines that the informationcommunicated by the client is not germane to thecounselor-client, marriage and family therapist-client, or socialworker-client relationship.
 "(f) A court, in an action brought against a school, itsadministration, or any of its personnel by the client, rulesafter an in-camera inspection that the testimony of the schoolguidance counselor is relevant to that action.
 "(g) The testimony is sought in a civil action and concernscourt-ordered treatment or services received by a patient as partof a case plan journalized under section 2151.412 [2151.41.2] ofthe Revised Code or the court-ordered treatment or services arenecessary or relevant to dependency, neglect, or abuse ortemporary or permanent custody proceedings under Chapter 2151. ofthe Revised Code.
 "(2) Nothing in division (G)(1) of this section shall relievea school guidance counselor or a person licensed or registeredunder Chapter 4757. of the Revised Code from the requirement toreport information concerning child abuse or neglect undersection 2151.421 [2151.42.1] of the Revised Code."
 {¶ 10} The Guardian argues that medical records of the sixteen-year-old minor daughter indicate that "a clear and present danger" exists, satisfying subsection (a) of the statute for an exception to the privilege. The assertion that a clear and present danger exists based upon the minor daughter's medical records does not satisfy the exception. The exception requires that the privileged communication to the social worker indicate clear and present danger to the client or others. Before this exception can be invoked, there must be a sufficient showing of a factual basis adequate to support a good faith belief that the communications may indicate a clear and present danger. If a sufficient showing has been made, then it is incumbent upon the trial court to conduct an in-camera review to determine whether the exception actually applies to any of the confidential communications.
 {¶ 11} It is axiomatic that once privileged information has been disclosed, there is no way for it to be made private once again. In this case, the trial court did not make any finding regarding the clear and present danger exception. Upon the record before us, we cannot say that this exception applies.
 {¶ 12} The Guardian also cites to this court's earlier decision in Gill v. Gill (Jan. 16, 2003), Cuyahoga App. No. 81463, for the proposition that the mental and physical health of all family members under R.C. 3109.04 is at issue in custody actions. Lastly, the Guardian asserts Cuyahoga County DR Rule 35(H) provides that the guardian ad litem shall contact the child's health care provider if appropriate.
 {¶ 13} None of these assertions outweigh the plain language of R.C. 2317.02(G). Ohio law mandates that the plain language of the statute is controlling. Evid.R.501. Here, the statute lists seven possible exceptions to the privilege non-disclosure rule. Here, the trial court may have considered, but did not indicate, what exception, if any, applied.
 {¶ 14} Further, it is of no consequence that the patient in question is a minor and that both natural parents executed releases for disclosure of the information to the Guardian. The plain language of the statute is controlling and creates no exception for the age of the patient or releases executed by parents.[1]
 {¶ 15} For the above reasons Lakewood's assignment of error is sustained, and the case is reversed and remanded to the trial court for further proceedings.
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Sweeney, J.,* concur.
[1] Unlike the physician-patient privilege under R.C.2317.02(B)(1)(a)(i) and the chiropractor-patient privilege under R.C. 2317.02(J)(1)(a), which both provide exceptions when a patient or guardian gives express consent, the corresponding exception to the social worker-client privilege under R.C.2317.02(G)(1)(b) applies only when the client gives express consent.
* Sitting by assignment: Judge James D. Sweeney, retired, of the Eighth District Court of Appeals.