OPINION *Page 2 
{¶ 1} On January 26, 2005, appellant, Dr. Mark Banks, filed a complaint against appellees, Dr. Benedict Woo, Dr. Jonathan Pearlman, and Ohio Physical Medicine Rehabilitation, Inc. On August 31, 2007, appellant filed a second amended complaint against the same defendants, claiming breach of fiduciary duty, breach of operating agreement, breach of shareholder agreement, and failure to repay a loan. The claims stemmed from the parties' partnership in Ohio Physical Medicine 
Rehabilitation, Inc. Appellant claimed in part he was unlawfully terminated and was denied access to corporate benefits. Appellees filed a counterclaim, claiming breach of fiduciary duty, fraud, negligent misrepresentation, fraudulent inducement, promissory estoppel, breach of contract, and tortuous interference with contract. Appellees alleged in pertinent part that appellant engaged in wrongful activities, to wit: using and abusing prescription drugs while acting in his capacity as an employee, officer, and director of the corporation.
 {¶ 2} On April 26, 2006, appellees filed a request for production of documents, requesting appellant to produce records pertaining to his medical and chemical dependency treatment. Appellant refused to produce the requested documents. On July 26, 2007, appellees filed a motion to compel. Following an in camera inspection of the records, the trial court ordered appellant to produce the documents. See, Order filed November 27, 2007.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows: *Page 3 
 I {¶ 4} "THE TRIAL COURT ERRED IN ORDERING THE DISCOVERY OF APPELLANT'S MEDICAL RECORDS."
 II {¶ 5} "THE TRIAL COURT ERRED IN ORDERING THE DISCOVERY OF APPELLANT'S CHEMICAL DEPENDENCY RECORDS."
 III {¶ 6} "THE TRIAL COURT ERRED IN OVERRULING THE APELLANT'S MOTION FOR PROTECTIVE ORDER FILED OCTOBER 23, 2007."
 IV {¶ 7} "THE TRIAL COURT'S DISCOVERY ORDER VIOLATES THE APPELLANT'S FEDERAL AND STATE CONSTITUTIONAL RIGHT TO PRIVACY."
 {¶ 8} Appellant assigned as error the trial court's granting of a motion to compel his medical and treatment records. Before we commence a review of these assignments of error, the threshold issue is whether the trial court's order constitutes a final appealable order.
 {¶ 9} In Humphrey vs Riverside Methodist Hospital (1986),22 Ohio St.3d 94, 95, the Supreme Court of Ohio, in a per curiam decision, held "a decision by a trial court compelling disclosure of information concerning hospital-patient confidentiality and statutory privilege is a final appealable order." However, in State ex rel. Steckman v.Jackson (1994), 70 Ohio St.3d 420, paragraph seven of the syllabus, the Supreme Court of Ohio explicitly overruled the Humphrey decision: *Page 4 
 {¶ 10} "Discovery orders are interlocutory and, as such, are neither final nor appealable. (Humphry v. Riverside Methodist Hosp. [1986],22 Ohio St.3d 94, 22 OBR 129, 488 N.E.2d 877, and State v. Port ClintonFisheries, Inc. [1984], 12 Ohio St.3d 114, 12 OBR 157, 465 N.E.2d 865, overruled.)"
 {¶ 11} Several appellate districts in Ohio have noted that amendments to R.C. 2505.02, which governs final orders, have superseded theSteckman decision. Wilson v. Barnesville Hospital, Belmont App. No. 01-BA-40, 2001-Ohio-3499; Miller v. Anthem, Inc. (December 12, 2000), Franklin App. No. 00AP-275. R.C. 2505.02(B)(4) states the following:
 {¶ 12} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 13} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 14} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 15} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 16} A "provisional remedy" is defined in pertinent part as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery ofprivileged matter, suppression of evidence * * *" (Emphasis added.) R.C. 2505.02(A)(3). Because the trial court's decision on appellees' *Page 5 
motion to compel with respect to privileged documents falls within the provisional remedy language of R.C. 2505.02, we find the trial court's order to be a final appealable order and ripe for review.
 {¶ 17} We note a discovery ruling lies in the trial court's sound discretion. Tracy v. Merrell Dow Pharmaceuticals, Inc. (1991),58 Ohio St.3d 147. "Regulation of pre-trial discovery matters concerning privilege is also governed by an abuse of discretion standard."Wagner v. Marietta Area Health Care, Inc., Washington App. No. 00CA17, 2001-Ohio-2424. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983) 5 Ohio St.3d 217.
 I, III {¶ 18} Appellant claims the trial court erred in ordering the disclosure of his medical records. We disagree.
 {¶ 19} At issue in this case is the scope of Civ. R. 26 and R.C. 2317.02(B) as they apply to specific allegations in the complaint and counterclaim.
 {¶ 20} Appellant's August 31, 2007 complaint included claims for breach of fiduciary duty, breach of operating agreement, breach of shareholder agreement, and failure to repay a loan. The factual statements alleged in part the following actions by appellees:
 {¶ 21} "14. On or about July of 2004, the Defendants, Dr. Pearlman and/or Dr. Woo used the power as majority shareholders to unlawfully terminate Plaintiff's employment and have since refused to adequately compensate Plaintiff in any matter *Page 6 
for his net revenue and/or purchase his shares, despite the Plaintiff's timely, proper and repeated requests to do so."
 {¶ 22} Appellees' September 5, 2007 counterclaim alleged breach of fiduciary duty, fraud, negligent misrepresentation, fraudulent inducement, promissory estoppel, breach of contract, and tortuous interference with contract. Specific allegations include the following as they relate to the questioned discovery:
 {¶ 23} "76. Plaintiff discontinued all medical treatment of Ohio Physical Medicine patients on or about July 13, 2004, although he continued to be an employee of Ohio Physical Medicine at that time.
 {¶ 24} "77. On or about July 14, 2004, Plaintiff informed certain employees of Ohio Physical Medicine that Plaintiff had been engaging in improper use of prescription narcotic drugs and that Plaintiff would be suspending his practice of medicine with Ohio Physical Medicine and would be checking himself into a drug treatment facility.
 {¶ 25} "82. Despite his awareness during July 2004 that the State Medical Board of Ohio was investigating his medical practices and conduct, Plaintiff did not disclose that investigation to Defendants.
 {¶ 26} "85. As a result of Plaintiff's prescription drug diversion and abuse of narcotic prescription drugs, on August 11, 2004, the State Medical Board of Ohio suspended Plaintiff's certificate to practice medicine and surgery in the State of Ohio for an indefinite period of time, but not less than 180 days, pursuant to a Step 1 Consent Agreement, a copy of which is attached hereto as Exhibit C.
 {¶ 27} "88. While Plaintiff was serving as an employee, officer, shareholder, and director of Ohio Physical Medicine and was an active treating physician, Plaintiff *Page 7 
collected for his own use patients' leftover and unused portions of their prescription narcotic drugs, which were brought to him by his patients."
 {¶ 28} Appellees' July 26, 2007 motion to compel discovery pursuant to Civ. R. 37 set forth the following request for appellant's medical records:
 {¶ 29} "Defendants have narrowed their request for Plaintiff's medical records to two categories: (1) records relating to all medical services received by Plaintiff prior to termination of his employment with OPMR on August 11, 2004 and (2) records for all treatments Plaintiff has received to date for chemical dependency and/or relating to drug abuse rehabilitation. Through discovery, Defendants have been able to narrow the list of Plaintiff's medical providers that fell within these two categories to the following:
 {¶ 30} "OSU Sports Medicine
 {¶ 31} "Shepherd Hill of Newark, Ohio
 {¶ 32} "The Woods at Parkside
 {¶ 33} "Toledo Hospital (Alcohol and Drug Treatment Center)
 {¶ 34} "Dr. Alvin D. Pelt
 {¶ 35} "Dr. Christopher S. Nickison
 {¶ 36} "Dr. Christopher C. Kaeding
 {¶ 37} "Dr. Grant L. Jones
 {¶ 38} "Dr. Alan B. Levy
 {¶ 39} "Dr. Jeffrey L. Wasserman
 {¶ 40} "Dr. Bradford B. Mullin
 {¶ 41} "Defendants do not seek copies of x-rays or MRI films, billing documents, or insurance-related documents. Rather, Defendants seek medical records containing *Page 8 
information on Plaintiffs medical history and treatment, including documents detailing patient history, physicals, progress notes, recommendations, prescriptions, consultations, and letters."
 {¶ 42} The trial court conducted an in camera inspection of the requested documents and by order filed November 27, 2007, the trial court ordered the following:
 {¶ 43} "Upon a complete in camera inspection of the documents submitted, this Court determines that the medical records requested in Defendants' Motion to Compel are relevant to the present action and are causally related to the issues in this case. Thus, Defendants are permitted to conduct discovery of those medical records pursuant to R.C. 2317.02(B).
 {¶ 44} "Upon return of the medical records inspected by this Court to the Plaintiff, the Court therefore ORDERS that Plaintiff produce copies of said records to the Defendants on or before December 3, 2007."
 {¶ 45} The order also includes a detailed protection order regarding the use of the records. As this court noted in Kreeger v. Hirt, Richland App. No. 02CA64, 2003-Ohio-3172, ¶ 4-5, the scope of a discovery motion is limited to the right to examine the records and has no bearing on the subsequent use or admissibility of those records at trial.
 {¶ 46} Because of appellant's claim for wrongful termination and appellees' counterclaim for fraud and non-disclosure of material facts i.e., the State Medical Board's investigation into appellant's drug abuse, we concur with the trial court's analysis. *Page 9 
 {¶ 47} Civ. R. 26 and R.C. 2317.02(B) provide for the discovery of relevant facts bearing on the potential claims averred to in the complaint, answer, and counterclaim:
 {¶ 48} "[Civ. R. 26(B)] Scope of discovery
 {¶ 49} "Unless otherwise ordered by the court in accordance with these rules, the scope of discovery is as follows:
 {¶ 50} "(1) In general. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
 {¶ 51} "[R.C. 2317.02(B)(1)] The testimonial privilege established under this division does not apply, and a physician or dentist may testify or may be compelled to testify, in any of the following circumstances:
 {¶ 52} "(a) In any civil action, in accordance with the discovery provisions of the Rules of Civil Procedure in connection with a civil action, or in connection with a claim under Chapter 4123. of the Revised Code, under any of the following circumstances:
 {¶ 53} "(iii) If a medical claim, dental claim, chiropractic claim, or optometric claim, as defined in section 2305.113 of the Revised Code, an action for wrongful death, any other type of civil action, or a claim under Chapter 4123. of the Revised Code is *Page 10 
filed by the patient, the personal representative of the estate of the patient if deceased, or the patient's guardian or other legal representative."
 {¶ 54} The parties' motivations and the reasons for their actions are based upon their historical perceptions. Did appellant fail to disclose a drug abuse problem, if he in fact had one, to the detriment of appellees? Did the termination of appellant's right to practice medicine have an impact on appellees' actions as to any of appellant's breach of contract claims?
 {¶ 55} We also note appellant did not request this court to revisit or conduct an in camera inspection of the records. As such, our review is clearly based upon an abuse of discretion standard and therefore would be only second-guessing by this court.
 {¶ 56} Upon review, we find the trial court did not err in granting appellees' motion to compel.
 {¶ 57} Assignments of Error I and III are denied.
 II {¶ 58} Appellant claims the trial court erred in ordering the disclosure of his chemical dependency treatment records as they are exempt from disclosure under R.C. 4758.06. We disagree.
 {¶ 59} It is well established that a reviewing court will not consider issues which are raised for the first time on appeal and which were not brought to the attention of the trial court. Sellers v. Bunnell HillDevelopment Co. (August 13, 1990), Warren App. No. CA89-11-069. *Page 11 
 {¶ 60} In his response to appellees' motion to compel, appellant never argued the restrictions of R.C. 4758.06. Therefore, we find this argument is not properly before this court for review.
 {¶ 61} Assignment of Error II is denied.
 IV {¶ 62} Appellant claims the trial court's order violates his constitutional guarantee of right to privacy. We disagree.
 {¶ 63} Appellant does not argue the constitutionality of any statute, but rather the constitutionality of the trial court's order. As in Assignment of Error II, this argument was not advocated or pursued at the trial court level. Therefore, we find this argument is not properly before this court for review.
 {¶ 64} Assignment of Error IV is denied.
 {¶ 65} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
 Farmer, J., Gwin, P.J. and Delaney, J. concur. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed. *Page 1