WOOTEN et al., Appellants,

v.

WESTFIELD INSURANCE COMPANY et al., Appellees.

[Cite as *Wooten v. Westfield Ins. Co.,* 181 Ohio App.3d 59, 2009-Ohio-494.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 91447

Decided Feb. 5, 2009.

Grant A. Goodman, for appellant Donna Kay Wooten.

Davis & Young, L.P.A., Thomas J. Connick, and Beverly A. Adams, for appellee Westfield Insurance Company.

Amenika Wells, pro se.

Douglas Wells, pro se.

CHRISTINE T. McMONAGLE, Judge.

{¶ 1} Plaintiff-appellant Donna Kay Wooten appeals the May 13, 2008 trial court judgment denying her motion for a protective order. We reverse and remand.

{¶ 2} Wooten initiated this action as a result of a motor-vehicle accident she was involved in on April 12, 2004. Defendant-appellee Westfield Insurance Company was one of the named defendants from which Wooten sought to recover damages as a result of the accident.

{¶ 3} During discovery, Westfield sought to have Wooten execute four releases for medical information. Two of the releases (one for Ashtabula County Medical Center and one for University Hospitals of Cleveland) sought release "of all

protected health information included in the medical records listed below * * * spanning the time period of 5/3/05 to present including the following:

{¶ 4} "All medical records, including inpatient, outpatient and emergency room treatment, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctor's handwritten notes, and records received by other physicians."

{¶ 5} The other two releases (one for two different Rite Aid Pharmacies) sought release "of all protected health information included in the medical records listed below * * * spanning the time period of 5/3/05 to present including the following:

{¶ 6} "All pharmacy/prescription records including NDC numbers and drug information handouts/monographs."

{¶ 7} By way of a letter to Westfield's attorney, Wooten objected to the authorizations request for "all medical records" and "all pharmacy/prescription records" and stated that she understood that by filing the lawsuit she "tacitly agreed to waive her physician-patient privilege regarding only those conditions and treatments that are related causally or historically to physical injuries that are relevant to issues in the personal injury claim." Wooten described her injuries as "orthopedic injuries mainly to her neck and shoulder."

{¶ 8} Wooten suggested that the parties use a "pseudo in-camera inspection" process, whereby Wooten would sign the authorizations, the records would be released to a "vendor" selected by Westfield, and Wooten's attorney would then "examine each and every record in private and confidence." The substance of the records would not be released unless and until Wooten's attorney consented in writing. If her attorney believed any records were privileged, he would submit them to the court "for a formal in-camera inspection." Wooten's attorney would authorize Westfield's vendor to release to Westfield records that he believed were discoverable.

{¶ 9} Westfield rejected Wooten's proposed process and sought to have Wooten sign the authorizations "without any modification." Westfield proposed that once it was in receipt of Wooten's medical records and forwarded them to Wooten's counsel, Wooten could "object to the relevancy and/or admissibility of any of them * * * [and] take the matter up with the court."

{¶ 10} Wooten filed a motion for a protective order seeking not to have to execute the releases proposed by Westfield. Westfield opposed Wooten's motion and sought an order requiring her to execute the releases. The court denied Wooten's motion without explanation. In her three assignments of error, Wooten argues that the trial court improperly denied her motion.

{¶ 11} We initially consider the proper standard of review; Wooten contends it is de novo, while Westfield contends it is abuse of discretion. Generally, an appellate court applies an abuse-of-discretion standard when reviewing a trial court's rulings governing discovery. *BFI Waste Sys. of Ohio v. Garfield Hts.* (1994), 94 Ohio App.3d 62, 75, 640 N.E.2d 227, citing *Stegawski v. Cleveland Anesthesia Group, Inc.* (1987), 37 Ohio App.3d 78, 85, 523 N.E.2d 902. This court has held, however, that an appeal from the interpretation and application of R.C. 2317.02(B), the statute governing the physician-patient privilege, should be reviewed as a matter involving an issue of law. *Rulong v. Rulong,* Cuyahoga App. No. 84953, 2004-Ohio-6919, 2004 WL 2931014, at ¶ 7; *Porter v. Litigation Mgt., Inc.* (May 11, 2000), Cuyahoga App. No. 76159, 2000 WL 573197; see also *Ward v. Johnson's Indus. Caterers, Inc.* (June 25, 1998), Franklin App. No. 97APE11–1531, 1998 WL 336786.

{¶ 12} Because this case turns on the physician-patient privilege, our review is de novo.

{¶ 13} The essence of Wooten's argument is that Westfield should not be entitled to all of her medical records without regard for whether they are causally or historically related to the injuries at issue. We agree.

{¶ 14} In general, the physician-patient privilege does not apply when the patient files a civil action putting her physical or mental condition at issue. In such a case, "a physician or dentist may be compelled to testify or to submit to discovery under the Rules of Civil Procedure only as to a communication made to the physician or dentist by the patient in question in that relation, or the physician's or dentist's advice to the patient in question, that *related causally or historically to physical or mental injuries that are relevant to issues in the medical claim,* dental claim, chiropractic claim, or optometric claim, action for wrongful death, *other civil action,* or claim under Chapter 4123. of the Revised Code." (Emphasis added.) R.C. 2317.02(B)(3)(a).

{¶ 15} Westfield's request was a blanket one, which sought "*all*" of Wooten's medical and pharmaceutical records, with only a time limitation. The trial court did not provide any explanation as to why Westfield should have such broad access to Wooten's records. Westfield argues that it is entitled to all of Wooten's medical records because "Wooten claims to have sustained a laundry list of bodily and mental injury as a result of the Accident, including her neck, ear, shoulder, headaches, numbness in both arms, tingling, weakness and numbness in the right arm and side, loss of use of both hands, and debilitating depression." In the next sentence, however, Westfield acknowledges that "Wooten has waived her patient-physician privilege as to *any medical records that relate to all of these alleged physical and mental injuries* or that otherwise evidence attributing factors of

these alleged injuries." (Emphasis added.) The authorizations were not limited, however, to the alleged injuries.

{¶ 16} Westfield argues that Wooten's reliance on *Porter*, 2000 WL 573197, is misplaced because Porter's claims did not directly place her physical or mental condition at issue. Although it is true that Porter did not have a personal-injury claim,[1] it is nonetheless not true that a plaintiff filing a personal-injury claim opens herself up to exposure, without limitation, of *all* her medical records. Rather, R.C. 2317.02(B)(3)(a) limits discovery in such a case to medical records that are causally or historically related to the physical or mental injuries that are relevant to the issues in the case.

{¶ 17} Wooten contends that the trial court should have conducted an in-camera inspection to determine which medical records were discoverable. Westfield argues that the court did not err by not ordering such an inspection because Wooten never requested it (rather, she advocated for her proposed "pseudo in-camera inspection"). In essence, Westfield argues that Wooten waived the issue. We disagree. Although Wooten outlined for the court her proposed "pseudo in-camera inspection" process, she also indicated that she "has been and continues to be willing to compromise" in resolving the dispute.

{¶ 18} Civ.R. 26(C), governing protective orders for discovery, states:

{¶ 19} "Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, *the court in which the action is pending may make any order that justice requires* to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: * * * (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into or that the scope of the discovery be limited to certain matters." (Emphasis added.)

{¶ 20} Civ.R. 26(C) recognizes the inherent power of a court to control discovery. (See *State ex rel. Grandview Hosp. & Med. Ctr. v. Gorman* (1990), 51 Ohio St.3d 94, 554 N.E.2d 1297, holding that under the former analogous section of Civ.R. 26(C), a trial court has the inherent authority to regulate discovery,

---

1. Porter had been terminated from her job, and at the time of the discovery dispute, her remaining claims were for breach of contract, breach of implied contract, promissory estoppel, and fraud. Litigation Management sought her medical records in support of its defense. Specifically, Litigation Management contended that Porter was terminated because she exhibited irrational and inflammatory behavior toward her co-workers and was unable to perform her responsibilities. The employer contended that Porter's deposition testimony revealed that she may have had a physical or mental condition that would have explained her behavior and inability to perform her job.

including the authority to direct an in-camera inspection of hospital records subject to claims of privilege.)

{¶ 21} The court had the authority, without a request from Wooten, to order an in-camera inspection of the medical records. Because we find that Westfield's request was too broad, upon remand, we direct the trial court to conduct an in-camera inspection of the requested medical records to determine which records are discoverable.

{¶ 22} Finally, we deny Westfield's request under App.R. 23 for attorney fees and costs associated with this appeal.

{¶ 23} The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

KILBANE, P.J., and SWEENEY, J., concur.