[Cite as *Collins v. Interim Healthcare of Columbus, Inc.*, 2014-Ohio-40.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| PATTY S. COLLINS | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff - Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| vs. | : | |
| | : | |
| INTERIM HEALTHCARE OF | : | Case No. 13-CA-00003 |
| COLUMBUS, INC., ET. AL., | : | |
| | : | |
| Defendants - Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Perry County Court
of Common Pleas, Case No.
12CV00421


JUDGMENT:     Reversed and Remanded


DATE OF JUDGMENT:     January 3, 2014


APPEARANCES:

For Plaintiff-Appellant

LAUREN N. OSGOOD
MARK A. ADAMS
Mark A. Adams, LLC
1110 Beecher Crossing North -Ste. D
Columbus, OH 43230

For Defendant-Appellee
Administrator, Bureau of Workers'
Compensation

JUSTINE S. CASSELLE
Assistant Attorney General
150 East Gay Street, 22nd Fl.
Columbus, OH 43215

For Defendant-Appellee
Interim Healthcare of Columbus, Inc.

RAY P. DREXEL
JOHN L. CHANEY
Gamble Hartshorn, LLC
Columbus, OH 43215

*Baldwin, J.*

{¶1}    Appellant Patty S. Collins appeals a judgment of the Perry County Common Pleas Court compelling her to sign a global release of all her medical records as requested by appellee Stephen Buehrer, Administrator of the Bureau of Workers' Compensation.   Appellant's employer, Interim Healthcare of Columbus, Inc., is also an appellee in the instant case.

## STATEMENT OF FACTS AND CASE

{¶2}    Appellant was injured on July 8, 2012 while moving a patient during her employment as an in-home medical care provider for appellee Interim Healthcare.  She filed a workers' compensation claim which was allowed for lumbar region sprain, lumbosacral spondylosis, radiculopathy lumbosacral, degenerative disc disease at L4-L5, epidural fibrosis, post laminectomy syndrome, and sacroilitis.  She later filed a motion requesting that her claim be allowed for an additional condition of disc bulge at L3-4.  The claim was denied.  After exhausting her administrative remedies, appellant filed a complaint in the Perry County Common Pleas Court seeking the additional allowance for disc bulge at L3-4.

{¶3}    During the discovery process, appellee requested that appellant sign a global authorization for the release of medical information from all medical providers. Appellant asked appellee to agree to a protective order with respect to unrelated medical records.  Appellee then filed a motion to compel signature of the global medical release.  On May 2, 2013, the court granted the motion to compel.  Appellant assigns two errors on appeal:

{¶4} "I. IN THIS WORKERS' COMPENSATION CASE, THE TRIAL COURT ERRED BY ORDERING PLAINTIFF-APPELLANT TO PRODUCE AN UNLIMITED, UNRESTRICTED GLOBAL RELEASE OF ALL MEDICAL RECORDS RELATING TO PLAINTIFF-APPELLANT, INCLUDING STATUTORILY PRIVILEGED IRRELEVANT MEDICAL RECORDS, EVEN THOUGH THE ONLY BODY PART AT ISSUE IN THE CASE INVOLVES PLAINTIFF-APPELLANT'S BACK.

{¶5} "II. IN THIS WORKERS' COMPENSATION CASE, THE TRIAL COURT ERRED BY DENYING PLAINTIFF-APPELLANT'S MOTION FOR A PROTECTIVE ORDER THAT WOULD ALLOW DEFENDANT-APPELLEE TO OBTAIN ALL MEDICAL RECORDS BUT WHICH PLACED REASONABLE RESTRICTIONS ON THE USE AND DISCLOSURE OF THOSE RECORDS ON DEFENDANT-APPELLEE."

I., II.

{¶6} In her first assignment of error, appellant argues that the court erred in ordering her to sign an unrestricted release of all medical records to appellees. In her second assignment of error, she argues that the court erred in not issuing a protective order or conducting an in camera review of the medical records. We agree that the trial court erred in granting the motion to compel without first conducting an in camera inspection of medical records to determine which records are related causally or historically to the instant action.

{¶7} This court may not reverse a trial court's decision on a motion to compel discovery absent an abuse of discretion. *State ex rel. The V Cos. v. Marshall, 81 Ohio St.3d 467, 469, 692 N.E.2d 198* (1998). The Supreme Court has frequently defined the

abuse of discretion standard as implying that the court's attitude was unreasonable, arbitrary, or unconscionable. *Id.*

{¶8} R.C. 2317.02(B) provides that physicians' records are generally privileged; however, the statute sets forth situations in which the patient has been deemed to have waived that privilege. Appellees claim that appellant has waived that privilege pursuant to R.C. 2317.02(B)(3)(a):

{¶9} "If the testimonial privilege described in division (B)(1) of this section does not apply as provided in division (B)(1)(a)(iii) of this section, a physician or dentist may be compelled to testify or to submit to discovery under the Rules of Civil Procedure only as to a communication made to the physician or dentist by the patient in question in that relation, or the physician's or dentist's advice to the patient in question, that related causally or historically to physical or mental injuries that are relevant to issues in the medical claim, dental claim, chiropractic claim, or optometric claim, action for wrongful death, other civil action, or claim under Chapter 4123. of the Revised Code."

{¶10} In *Folmar v. Griffin*, 166 Ohio App. 3d 154, 549 N.E.2d, 324, 2006-Ohio-1849, we found that a trial court abuses its discretion when it compels the discovery of medical records without first determining by in camera inspection whether the records are causally or historically related to the action:

{¶11} "We hold that the trial court erred in not conducting an in camera inspection of the records before ordering them disclosed. The trial court should have issued an order for the records to be transmitted under seal for the court's review in camera. After receiving records under seal, a court then examines each record to determine whether it is a medical or psychiatric document to which R.C. 2317.02(B)

applies. If the court finds that a record is a medical document, the court must further determine whether it is related causally or historically to physical or mental injuries relevant to the issues in the civil action. Only those medical and psychiatric records that meet this definition under R.C. 2317.02(B) should be released.

{¶12} "After the court has reviewed the documents in camera, it should place any documents that it finds privileged in the record under seal so that in the event of an appeal, this court may review the information." Id. at ¶25, 27.

{¶13} Likewise, in *Thompson v. Chapman*, 176 Ohio App. 3d 334, 891 N.E.2d 1247, 2008-Ohio-2282, we found that the trial court abused its discretion in compelling the production of psychological and psychiatric treatment records without first conducting an in camera inspection to determine whether the records were subject to disclosure pursuant to R.C. 2317.02(B). *Id.* at ¶24.

{¶14} Appellees argue that appellant failed to request an in camera inspection of the records and therefore has waived this issue. However, Civ. R. 26(C) recognizes the inherent power of the court to control discovery. *Wooten v. Westfield Ins. Co.*, 181 Ohio App.3d 59, 907 N.E.2d 1219, 2009-Ohio-494, ¶20. Therefore, where a discovery request is too broad, the trial court has the authority to conduct an in camera inspection of the requested records even when a party does not specifically request an in camera inspection. *Id.* at ¶21.

{¶15} In the instant case, appellees sought all of appellant's medical records, while appellant sought protection from the disclosure of medical information unrelated to her workers' compensation claim. The trial court abused its discretion in granting appellees' motion to compel discovery of medical records without first conducting an in

camera inspection to determine which records were causally or historically related to the action.  Appellant's first and second assignments of error are sustained.

{¶16}   The judgment of the Perry County Common Pleas Court is reversed.  This cause is remanded to that court for further proceedings according to law, consistent with this opinion.  Costs are assessed to appellees.

By: Baldwin, J.

Farmer, P.J. and

Wise, J. concur.