[Cite as *In re Guardianship of Sharp*, 2014-Ohio-3613.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF THE GUARDIANSHIP | : | JUDGES: |
| OF ELLEN JANE POWELSON SHARP | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. CT2014-0003 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County
                            Probate Court, Case No. 20112052


JUDGMENT:                   Reversed and Remanded


DATE OF JUDGMENT:           August 21, 2014


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant Ellen Sharp

MICHAEL T. BRYAN                          PHILIP S. PHILLIPS
Stubbins, Watson & Bryan Co., LPA         Gottlieb, Johnston, Beam &
P.O. Box 488                              Dal Ponte, PLL
Zanesville, OH 43702                      320 Main Street, P.O. Box 190
                                          Zanesville, OH 43702

                                          For Defendant-Appellant Fountain Sharp

                                          SCOTT D. EICKELBERGER
                                          DAVID J. TARBERT
                                          RYAN H. LINN
                                          Kincaid, Taylor & Geyer
                                          50 N. 4th Street
                                          Zanesville, OH 43702

*Baldwin, J.*

{¶1}    Appellants Ellen and Fountain Sharp appeal a judgment of the Muskingum County Probate Court lifting a stay on discovery requests directed to Ellen Sharp and removing a protective order previously granted to Fountain Sharp concerning discovery. Appellee is Marian Davis Sharp Thompson.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2}    In 2005, appellant Ellen Sharp executed a general durable power of attorney and a durable health care power of attorney, naming her son Fountain as attorney-in-fact.  On October 20, 2011, appellee filed an application to be appointed guardian of her mother, appellant Ellen Sharp.  In her application, appellee represented that Fountain had prevented Ellen from contacting both appellee and her sister for many years, concerns had been noted by friends and relayed to appellee and to appellee's sister, and appellee was concerned about the "manipulation and control" Fountain had exerted over their mother's significant assets.

{¶3}    Appellant Fountain Sharp filed a motion to dismiss the application, arguing that the power of attorney arrangement already in place was sufficient to care for his mother's current needs, and in the alternative asking to be appointed as his mother's guardian should the court find a guardianship arrangement to be necessary.

{¶4}    Appellee filed numerous requests for documents and records from both appellants, including medical and financial records dating back to the year 2000. Appellants filed a motion for a protective order, arguing that some of the information was confidential, and further that the request was burdensome and unwarranted.

Appellants further argued that any inquiry into records prior to January 1, 2009, when Ellen began showing signs of memory loss, was unwarranted.

{¶5} The trial court granted appellant Fountain Sharp's motion for a protective order, limiting discovery to any transactions involving Fountain's use of the power of attorney, or to any transaction by Fountain involving Ellen's assets. The court stayed all discovery concerning Ellen Sharp pending Fountain's response to the court's discovery order.

{¶6} Fountain Sharp filed his response to the court's discovery order on February 2, 2012. On December 13, 2013, the trial court lifted the stay on all discovery requests to Ellen Sharp, and ordered her to provide full answers to all discovery requests by January 13, 2014. The court further modified the protective order, stating that discovery requests to Fountain should not be limited, and ordering Fountain to answer all discovery requests by January 13, 2014. Appellants filed a notice of appeal, assigning three errors:

{¶7} "I. THE TRIAL COURT ERRED IN LIFTING THE STAY ON DISCOVERY REQUESTS DIRECTED TO ELLEN JANE POWELSON SHARP AND ORDERING DISCLOSURE OF FULL AND COMPLETE ANSWERS TO ALL DISCOVERY REQUESTS.

{¶8} "II. THE TRIAL COURT ERRED IN LIFTING THE STAY ON DISCOVERY REQUESTS DIRECTED TO FOUNTAIN SHARP, ORDERING DISCLOSURE OF FULL AND COMPLETE ANSWERS TO ALL DISCOVERY REQUESTS, AND ORDERING THAT THE DISCOVERY REQUEST AS TO FOUNTAIN SHARP WILL NOT BE LIMITED IN ANY WAY.

{¶9} "III. THE TRIAL COURT ERRED IN ORDERING THE DISCLOSURE OF PRIVILEGED, CONFIDENTIAL INFORMATION THAT IS NOT RELEVANT, NOT REASONABLY CALCULATED TO LEAD TO DISCOVERABLE MATERIAL, AND IS DESIGNED MERELY TO HARASS APPELLANTS."

{¶10} We first address appellee's argument that the order appealed from is not a final, appealable order. The discovery requests which the court has ordered appellants to answer include a request for all medical records dating back to January 1, 2000. This Court has previously held that a discovery order compelling the production of medical documents is a final, appealable order. *Banks v. Ohio Physical & Medical Rehabilitation, Inc.,* 5th Dist. Fairfield No. 07CA68, 2008-Ohio-2165, ¶16. Further, the discovery request includes business records which appellant Fountain Sharp has claimed are confidential. This Court has previously held that a discovery order which orders the disclosure of confidential business material qualifies as a provisional remedy pursuant to R.C. 2505.02(A)(3) and is a final, appealable order. *Northeast Professional Home Care, Inc. v. Advantage Home Health Services, Inc.*, 188 Ohio App.3d 704, 2010–Ohio–1640, 936 N.E.2d 964, ¶ 34. Therefore, we find that the judgment appealed from in this case is a final, appealable order.

I., II., III.

{¶11} Appellants argue in all three assignments of error that the court erred by compelling discovery of all materials requested by appellee, including medical records, financial records, and business records.

{*¶12*} This court may not reverse a trial court's decision on a motion to compel discovery absent an abuse of discretion. *State ex rel. The V Cos. v. Marshall, 81 Ohio*

*St.3d 467, 469, 692 N.E.2d 198* (1998). The Supreme Court has frequently defined the abuse of discretion standard as implying that the court's attitude was unreasonable, arbitrary, or unconscionable. *Id.*

{¶13}   Civ. R. 26(B)(1) generally defines the scope of discovery:

{¶14}   "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, electronically stored information, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

{¶15}   Civ. R. 26(C) provides for the issuance of a protective order:

{¶16}   "Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one

present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court."

{¶17}   Civ. R. 26(C) recognizes the inherent power of the court to control discovery. *Wooten v. Westfield Ins. Co.,* 181 Ohio App.3d 59, 907 N.E.2d 1219, 2009–Ohio–494, ¶ 20. Therefore, where a discovery request is too broad, the trial court has the authority to conduct an in camera inspection of the requested records even when a party does not specifically request an in camera inspection. *Id.* at ¶ 21.  This Court has previously held that a court abuses its discretion in ordering production of medical records without first conducting an in camera inspection to determine whether the records are subject to disclosure pursuant to R.C. 2317.02(B).  *Bircher v. Durosko*, 5th Dist. Fairfield No. 13-CA-62, 2013-Ohio-5873; *Collins v. Interim Healthcare of Columbus,* 5th Dist. Perry No. 13-CA-00003, 2014-Ohio-40.

{¶18}   In the instant case, appellants have argued that some of the requested material is privileged.   Physicians' records are generally privileged, although R.C. 2317.02(B) sets forth situations in which the patient is deemed to have waived that privilege.   The court made no finding that the privilege had been waived pursuant to statute.    Further, appellee's discovery request seeks disclosure of virtually every financial, business, and medical record pertaining to Ellen and Fountain Sharp over a period of time from January of 2000 to the present.    Appellants claimed the request was unwarranted and burdensome, arguing the scope is overbroad, and that some of

the business records are confidential.  Based on the claim of privilege, the broad scope of the discovery request, and the personal nature of the requested materials as to both Fountain and Ellen Sharp, the trial court abused its discretion in not first conducting an in camera inspection of the records to determine what records are protected from discovery by medical or other privilege, and which records are in fact relevant to the guardianship proceeding as defined in Civ. R. 26(B)(1).

{¶19}  The first, second and third assignments of error are sustained.  The judgment of the Muskingum County Probate Court is reversed.  This cause is remanded to that court for further proceedings according to law, consistent with this opinion.  Costs are assessed to appellee.

By: Baldwin, J.

Gwin, P.J. and

Farmer, J. concur.