**[Cite as *State ex rel. DeWine v. Helms*, 2017-Ohio-7148.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO ex rel. MICHAEL
DEWINE, ATTORNEY GENERAL

      Appellee

      v.

JOEL HELMS, et al.

      Appellant

C.A. No.      28304


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV2014-10-4644

DECISION AND JOURNAL ENTRY

Dated: August 9, 2017

---

TEODOSIO, Judge.

{¶1} Appellant, Joel Helms, appeals the judgment entry of the Summit County Court of Common Pleas granting summary judgment in favor of the State of Ohio and finding Mr. Helms' counterclaims barred by the doctrine of res judicata. We affirm.

I.

{¶2} In October 2014, the State of Ohio filed its complaint for foreclosure against Mr. Helms with respect to the property known as the Countryview South Apartments, based upon an unsatisfied judgment the State received against Mr. Helms in the Summit County Court of Common Pleas, *State ex rel. Cordray v. Helms*, Summit C.P. No. CV 2007-07-4993 (Apr. 14, 2009). Judgment in the underlying case was granted on December 9, 2008, in the amount of $500,000.00 as a civil penalty for water pollution violations of R.C. 6111. Following the judgment, Mr. Helms filed a motion for a new trial and motion to vacate judgment based, in pertinent part, upon an amendment to the Ohio Constitution—Article I, Section 19b—which

became effective on December 1, 2008, and provided a property owner with an interest in the reasonable use of ground water underlying the owner's land and in the reasonable use of the water in a lake or watercourse on the owner's land. The trial court denied the motions, and an appeal was brought to this Court, whereupon we affirmed the judgment of the trial court. *See State ex rel. Cordray v. Helms*, 192 Ohio App.3d 426, 2011-Ohio-569 (9th Dist.).

{¶3} In the case now before us, Mr. Helms, upon leave granted by the trial court, filed counterclaims for declaratory judgment and injunctive relief based upon Article I, Section 19b, of the Ohio Constitution. On July 5, 2016, the trial court granted summary judgment in favor of the State and found Mr. Helms' counterclaims barred under the doctrine of res judicata. Mr. Helms now appeals, raising two assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED IN FINDING THE QUESTIONS REGARDING OHIO CONST. ART. I, [SECTION] 19b(A)[,] ARE BARRED BY RES JUDICATA.

{¶4} Mr. Helms argues that the trial court erred in applying the doctrine of res judicata because no evidence on the issue of the constitutional amendment had ever been presented to a court at trial. We disagree.

{¶5} We review a trial court's decision applying res judicata de novo. *Galvin v. Adkins*, 9th Dist. Lorain No. 08CA009322, 2008–Ohio–3202, ¶ 16. Res judicata is a doctrine of judicial preclusion. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381 (1995). "The doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007–Ohio–1102, ¶ 6. Under the doctrine of claim

preclusion, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava* at syllabus. Furthermore, res judicata operates to bar litigation of "'all claims which were or might have been litigated in a first lawsuit.'" (Emphasis deleted.) *Grava* at 382, quoting *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62 (1990). *See also State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*, 121 Ohio St.3d 526, 2009–Ohio–1704, ¶ 27, citing *Holzemer v. Urbanski*, 86 Ohio St.3d 129, 133 (1999) ("The previous action is conclusive for all claims that were or that could have been litigated in the first action.").

{¶6} Mr. Helms argues that res judicata should not apply to his counterclaims regarding Article I, Section 19b, of the Ohio Constitution because a trial court never heard evidence on the claims. He contends that because the trial court originally denied his motion for a new trial, the ruling is not a judgment on the merits for the purposes of res judicata, but rather, is a refusal to hear any argument on the merits.

{¶7} In the prior matter of *State ex rel. Cordray v. Helms*, Summit C.P. No. CV 2007-07-4993 (Apr. 14, 2009), the trial court denied Mr. Helms' motion for a new trial and motion to vacate the judgment which had been argued under the theory that Article I, Section 19b, provided grounds for relief. In its order entered on January 12, 2009, the trial court found:

> The adoption of an amendment to create Section 19b of Article I of the Ohio Constitution, effective December 1, 2008, likewise provides no grounds to disturb the Judgment. The amendment gave constitutional status to existing law, making property rights explicit, it did not create new rights. It did not disturb the right of the government to regulate ground water and nonnavigable waters under or flowing through privately owned land. Ohio Secretary of State, Ballot Language and Official Explanation for Issue #3, November 4, 2008. The Ohio Constitution cannot be construed to allow the pollution of groundwater or nonnavigable waters of the State contrary to statute, now or before December 1, 2008.

**{¶8}** Mr. Helms appealed the trial court's decision to this Court. We affirmed, stating: "It is doubtful that the amendment touches the Helmses' wetlands. * * * Even if the amendment recognizes the Helmses' property rights in the wetlands, including their right to make reasonable use of them, we conclude that it does not give the Helms the right to pollute the wetlands with improperly treated sanitary sewage." *State ex rel. Cordray v. Helms*, 192 Ohio App.3d 426, 2011-Ohio-569 (9th Dist.) The Supreme Court of Ohio declined jurisdiction to hear the case as not involving any substantial constitutional question. *See State ex rel. DeWine v. Helms*, 128 Ohio St.3d 1516, 2011-Ohio-2686.

**{¶9}** Mr. Helms' assertion that these rulings are otherwise than on the merits is inaccurate. Both the trial court and this Court determined that amendment in question provided no grounds to disturb the judgment of the trial court. These determinations were not procedural in nature, but rather were based upon the merits of Mr. Helms' argument with regard to the amendment. Furthermore, there is no requirement that a claim must be resolved at trial for the doctrine of res judicata to apply. In the first action, the trial court entered a valid, final judgment rendered upon the merits. That action was conclusive for all claims that were or that could have been litigated, including Mr. Helms' claims based upon Article I, Section 19b, of the Ohio Constitution. We therefore conclude that the doctrine of res judicata barred Mr. Helms' counterclaims in the present action.

**{¶10}** Mr. Helms' first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO ALLOW APPELLANT TO SEEK DISCOVERY IN SUPPORT OF HIS AMENDED COUNTERCLAIM.

{¶11} Mr. Helms argues the trial court erred in refusing him to propound discovery in support of his counterclaims. We disagree. Mr. Helms alleges the ruling in question was made by the trial court during a status conference on May 5, 2016. Mr. Helms filed a motion to reconsider which was denied in the trial court's judgment entry of July 5, 2016. The entry also references that the trial court quashed Mr. Helms' discovery efforts at the May 5, 2016, status conference. There is no record of that proceeding before this Court.

{¶12} "It is well-settled that a court speaks though its journal entries and not through any oral pronouncements." *Carter v. Payer*, 9th Dist. Summit No. 16765, 1994 WL 620497, *7 (Nov. 9, 1994). A trial court "speaks through the medium of its record * * *." *Johnson v. Johnson*, 52 Ohio App.2d 180, 181 (9th Dist.1977). In the present case, there is neither an order nor any other ruling on the record prohibiting discovery for this court to review. The mere reference to an oral pronouncement in the trial court's judgment entry of July 5, 2016, cannot be construed as a ruling on the record. We therefore conclude that because there is no entry or other record by the trial court preventing discovery prior to the judgment entry disposing of Mr. Helms' counterclaims, there is no order for this court to review.

{¶13} We acknowledge, however, that it appears the court and the parties believed the oral pronouncement by the court established a prohibition upon further discovery by Mr. Helms. Yet, even if there had been a valid entry for our review, it would not change the result of this opinion. A trial court has the inherent authority to control its docket and to decide discovery matters. *Evans v. Sayers*, 4th Dist. Ross No. 04CA2783, 2005-Ohio-2135, ¶ 19; *Riggs v. Richard*, 5th Dist. Stark No. 2006CA00234, 2007-Ohio-490, ¶ 15; *Wooten v. Westfield Ins. Co.*, 181 Ohio App.3d 59, 2009-Ohio-494, ¶ 20 (8th Dist.). *See also State ex rel. Grandview Hosp. and Med. Ctr. v. Gorman*, 51 Ohio St.3d 94, 95 (1990) ("Trial courts have extensive jurisdiction

and power over discovery."); *State ex rel. Citizens for Open, Responsive & Accountable Govt. v. Register*, 116 Ohio St.3d 88, 2007–Ohio–5542, ¶ 18 ("[C]ourts have broad discretion over discovery matters."). This Court will not reverse a trial court's decision concerning the regulation of its discovery proceedings absent an abuse of discretion. *Wayne Cty. Natl. Bank v. CFP Leasing Ltd. Partnership*, 9th Dist. Wayne No. 02CA0058, 2003–Ohio–2028, ¶ 8. An abuse of discretion implies that a trial court was unreasonable, arbitrary or unconscionable in its judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). As a reviewing court applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). "A trial court acts within its discretion when it grants a stay of discovery pending the resolution of a dispositive motion." *Thomson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 09AP–782, 2010-Ohio-416, ¶ 32.

{¶14} The trial court in this matter had discretion to quash discovery by Mr. Helms as a reasonable exercise of its inherent power over discovery matters. It was within the trial court's discretion to prohibit discovery pending the resolution of a motion for summary judgment that was potentially dispositive of the matter, and in fact was dispositive of the matter, under the doctrine of res judicata. Thus, even had there been a reviewable entry by the trial court quashing discovery, the trial court would not have abused its discretion in doing so.

{¶15} Mr. Helms' second assignment of error is overruled.

III.

{¶16} The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶17} Although I concur with the majority's opinion, I would not address the second assignment of error on the basis that it has been rendered moot.

APPEARANCES:

ALAN M. MEDVICK, Attorney at Law, for Appellant.

MICHAEL DEWINE, Ohio Attorney General, and MICHAEL E. IDZKOWSKI and L. SCOTT HELKOWSKI, Assistant Attorneys General, for Appellee.