[Cite as *Lorain Cty Children Servs. v. Gossick*, 2014-Ohio-3865.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

LORAIN COUNTY CHILDREN
SERVICES, et al.

      Appellees

      v.

LOUIS C. GOSSICK

      Appellant

C.A. No.     13CA010476


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    12JS37527

DECISION AND JOURNAL ENTRY

Dated: September 8, 2014

---

CARR, Judge.

{¶1}   Appellant Louis Gossick appeals the judgment of the Lorain County Court of Common Pleas, Juvenile Division.  This Court reverses and remands.

I.

{¶2}   Mr. Gossick received legal custody of his son O.G. after a divorce.  Beginning on April 18, 2011, when O.G. was 16 years old, he was apparently removed from Mr. Gossick's care and placed in foster care.  There is no evidence in the record regarding any adjudication of O.G. as unruly, delinquent, dependent, or otherwise.  O.G. attained the age of 18 years old on August 28, 2012, at which time he left the foster care system and went to live with his mother.

{¶3}    Lorain County Department of Job & Family Services ("DJFS") filed a complaint on October 23, 2012, in case number 12JS37527, against Louis Gossick.[1]   The Department sought an order of retroactive support on behalf of O.G. (dob 8/28/1994) pursuant to a purported child support order issued in case number 11JC32718.  Mr. Gossick filed an answer in which he admitted that he was O.G.'s father.  Mr. Gossick raised several defenses to the claim, including the Department's failure to obtain a timely child support order pursuant to R.C. 2151.36.

{¶4}    The parties engaged in discovery.  DJFS objected to Mr. Gossick's requests for production of documents evidencing, among other things, support orders issued prior to the Department's filing of the instant complaint and amounts paid for support of O.G. while he was a child in foster care, for the reason that such information should have been requested in case number 11JC32718.  DJFS did provide, however, a copy of an April 21, 2011 journal entry from case number 11JC32718, captioned *In the Matter of O.G.*, in which the trial court ordered, alternatively, that (1) Lorain County Child Support Enforcement Agency shall conduct genetic testing to determine paternity, and that the agency shall forward the results to the prosecutor for establishment of a child support order against the parents; or (2) if paternity had already been established, "this matter is referred to CSEA for the establishment of an order of child support against the parent(s) or legal custodian of the child;" or (3) if a child support order already existed, CSEA shall redirect those payments to Lorain County Children Services.  That journal entry indicated that it was copied to Children Services, the assistant prosecutor, and CSEA. There is nothing to indicate that it was served on either parent or any putative father of O.G. Subsequently, DJFS moved the trial court for a protection order, relieving it of an obligation to

---

[1] Other named plaintiffs included Lorain County Children Services; O.E.G., dob: 8/28/1994, "by and through his/her next friend: Lorain County Children Services" and Lorain County Child Support Enforcement Agency.

provide Mr. Gossick's requested discovery on the grounds that the documents were irrelevant and their production was demanded solely to annoy, oppress, and cause undue burden and expense for the Department.

{¶5}    Mr. Gossick filed a motion for summary judgment, a supplement to his motion, and a reply to the Department's brief in opposition to the motion for summary judgment. The record contains neither a hard copy of the Department's purported brief in opposition nor an entry upon the docket indicating that DJFS ever filed such a brief. In his motion for summary judgment, Mr. Gossick argued that the juvenile court had no authority pursuant to *Meyer v. Meyer*, 17 Ohio St.3d 222 (1985), to issue an order for retroactive child support.

{¶6}    Mr. Gossick also filed a motion to dismiss pursuant to Civ.R. 12(B)(1) for lack of subject matter jurisdiction. He argued that the juvenile court lost jurisdiction over the issue of O.G.'s support when he attained the age of eighteen. DJFS did not file a brief in opposition to the motion to dismiss.

{¶7}    The magistrate considered Mr. Gossick's motion for summary judgment and motion to dismiss, as well as DJFS's motion for a protection order. The magistrate issued a decision denying both the motion for summary judgment and motion to dismiss. The juvenile court issued an order adopting the magistrate's decision and denying both of Mr. Gossick's motions the same day. Mr. Gossick filed timely objections to the magistrate's decision. DJFS filed a brief in opposition to the objections. The trial court overruled Mr. Gossick's objections and effectively adhered to its prior judgment.

{¶8}    The matter proceeded to a hearing before the magistrate on the issue of the amount of retroactive child support for which Mr. Gossick would be responsible. On September 23, 2013, the magistrate ordered that Mr. Gossick shall pay $179.49 per month for child support

and $57.98 per month "cash medical" for the period of April 18, 2011, until August 28, 2012. Mr. Gossick was ordered to pay that support by way of a payment of $200.00 per month toward his support arrearage. The juvenile court adopted the magistrate's decision the same day and issued an identical support order. Mr. Gossick filed a timely appeal in which he raises two assignments of error for review. This Court addresses the second assignment of error first, as it is dispositive of the appeal.

II.

## ASSIGNMENT OF ERROR II

THE JUVENILE COURT ERRED IN FAILING TO GRANT [MR. GOSSICK'S] MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION.

{¶9} Mr. Gossick argues that the juvenile court erred by failing to grant his motion to dismiss DJFS's complaint for an order of child support for lack of subject matter jurisdiction. This Court agrees.

{¶10} "A motion to dismiss for lack of subject-matter jurisdiction inherently raises a question of law, and appellate review is de novo." *Exchange St. Assoc., L.L.C. v. Donofrio*, 187 Ohio App.3d 241, 2010-Ohio-127, ¶ 4 (9th Dist.). "Civ.R. 12(B)(1) provides a mechanism for a defendant to seek the dismissal of a complaint for lack of subject matter jurisdiction." *Coon v. Technical Constr. Specialties, Inc.*, 9th Dist. Summit No. 24542, 2010-Ohio-417, ¶ 11. The rule allows the trial court to consider evidence beyond the pleadings for purposes of determining whether it possesses subject matter jurisdiction to consider the claim. *Id*. When making such a determination in the absence of a hearing, however, the trial court must "'view allegations in the pleadings and documentary evidence in the light most favorable to the non-moving party [and] * * * resolve all reasonable competing inferences in favor of such non-moving party.'" *Id.*,

quoting *Meyers v. Curt Bullock Builders, Inc.*, 9th Dist. Summit No. 13857, 1989 WL 16903 (Mar. 1, 1989), *2.

{¶11} The juvenile court derives its subject matter jurisdiction pursuant to statute. R.C. 2151.23(B)(4) grants original jurisdiction to the juvenile court "[t]o hear and determine an application for an order for the support of any child, if the child is not a ward of another court of this state[.]" R.C. 2151.23(A)(14) grants exclusive original jurisdiction to the juvenile court "[t]o exercise jurisdiction and authority over the parent, guardian, or other person having care of a child alleged to be a delinquent child, unruly child, or juvenile traffic offender, based on and in relation to the allegation pertaining to the child[.]" Necessarily, then, the juvenile court must issue any such support order while the subject of the support is still a child.

{¶12} The term "child" is defined as:

> a person who is under eighteen years of age, except that the juvenile court has jurisdiction over any person who is adjudicated an unruly child prior to attaining eighteen years of age until the person attains twenty-one years of age, and, for purposes of that jurisdiction related to that adjudication, a person who is so adjudicated an unruly child shall be deemed a "child" until the person attains twenty-one years of age.

R.C. 2151.011(B)(6). Alternatively, within the juvenile context, the term "child" is defined as:

> a person who is under eighteen years of age, except * * * [that] [t]he juvenile court has jurisdiction over a person who is adjudicated a delinquent child * * * prior to attaining eighteen years of age until the person attains twenty-one years of age, and, for purposes of that jurisdiction related to that adjudication, except as otherwise provided in this division, a person who is so adjudicated a delinquent child * * * shall be deemed a "child" until the person attains twenty-one years of age.

R.C. 2152.02(C)(6).

{¶13} Although Mr. Gossick makes some reference to O.G.'s unruly behavior, DJFS did not allege in its complaint that O.G. was adjudicated an unruly child. Moreover, there is nothing in the record demonstrating that O.G. was ever adjudicated an unruly child. In addition,

although the Department argues on appeal that the juvenile court has jurisdiction over a person who is adjudicated delinquent prior to the age of eighteen until the person attains the age of twenty-one, DJFS did not allege in its complaint that O.G. was adjudicated a delinquent child. Accordingly, DJFS did not invoke on the face of its complaint the express continuing jurisdiction of the juvenile court over a child who has attained the age of eighteen but is under twenty-one years old.

{¶14} Instead, in its complaint, the department sought a child support order pursuant to R.C. 3109.05 which allows the court "[i]n a divorce, dissolution of marriage, legal separation, or child support proceeding" to order a parent to support or help support his or her child. R.C. 3109.05(A)(1). R.C. Chapter 3109 further establishes the age of majority at eighteen. R.C. 3109.01 (stating that persons "are of full age for all purposes" upon the attainment of the age of eighteen).

{¶15} Both parties seem to agree that the child support provision relevant to this child support proceeding is R.C. 2151.36, which provides, in relevant part:

> Except as provided in section 2151.361 of the Revised Code [addressing child support orders relative to adoptive parents], when a child has been committed as provided by this chapter or Chapter 2152. of the Revised Code, the juvenile court shall issue an order pursuant to Chapters 3119., 3121., 3123., and 3125. of the Revised Code requiring that the parent, guardian, or person charged with the child's support pay for the care, support, maintenance, and education of the child. The juvenile court shall order that the parents, guardian, or person pay for the expenses involved in providing orthopedic, medical, or surgical treatment for, or for special care of, the child, enter a judgment for the amount due, and enforce the judgment by execution as in the court of common pleas.

{¶16} R.C. Chapter 3119, implicated above, governs child support orders. R.C. 3119.86(A) carves out very limited exceptions to the general rule that child support orders shall terminate upon the child's eighteenth birthday. For example, a court order may continue beyond the age of eighteen only if the child is disabled and incapable of supporting himself, where the

parents' separation agreement provides for child support of longer duration, or if the child remains a full-time high school student. R.C. 3119.86(A)(1)(a)-(c). An administrative child support order may continue beyond the child's attainment of the age of eighteen only if the child remains a full-time high school student. R.C. 3119.86(A)(2).

{¶17} DJFS alleged in its complaint that Lorain County Children Services provided foster care for O.G. The juvenile court has the authority to commit a child to the temporary custody of a public children services agency for placement in foster care. *E.g.*, R.C. 2151.353(A)(2) (relative to a child who has been adjudicated dependent, neglected, or abused); R.C. 2151.354(A)(1) (relative to a child who has been adjudicated unruly); R.C. 2152.19(A)(1) (relative to a child who has been adjudicated delinquent). On the other hand, a public children services agency has the power to enter into an agreement with a parent "with respect to the custody, care, or placement of any child" except that the agency has no power to permanently terminate a parent's parental rights without the consent of the juvenile court. R.C. 5153.16(A)(2). Here, in the absence of any information regarding the basis for O.G.'s placement into foster care, there is nothing to demonstrate that the juvenile court retained jurisdiction over O.G., and matters involving child support, beyond O.G.'s attainment of the age of eighteen.

{¶18} DJFS relies solely on reference to a purported child support order issued in case number 11JC32718 for its invocation of the juvenile court's subject matter jurisdiction. There are two journal entries from that case in the record, and neither party disputes their authenticity. The first journal entry, time-stamped April 18, 2011, is an "ex-parte predispositional interim order of custody" to Lorain County Children Services. That order mandates that "[t]he parents shall continue to be responsible for all medical, dental, optical, psychological, and counseling expenses for the child together with all necessities." Although the order finds that "the continued

residence of the child in [the child's] current home will be contrary to [the child's] best interest and welfare[,]" there is no information in the journal entry regarding the underlying basis for the juvenile court's jurisdiction in that case. In other words, the April 18, 2011 journal entry does not disclose whether O.G. became subject to the juvenile court's jurisdiction on the basis of unruliness, delinquency, dependency, or any other reason. It, moreover, does not address matters of parental responsibility beyond the time when O.G. is no longer a child and on what authority the juvenile court could issue such an order.

{¶19} The other journal entry in the record from case number 11JC32718 is the April 21, 2011 journal entry referenced earlier and which ordered, alternatively, that (1) Lorain County Child Support Enforcement Agency shall conduct genetic testing to determine paternity, and that the agency shall forward the results to the prosecutor for establishment of a child support order against the parents; or (2) if paternity had already been established, "this matter is referred to CSEA for the establishment of an order of child support against the parent(s) or legal custodian of the child;" or (3) if a child support order already existed, CSEA shall redirect those payments to Lorain County Children Services. This order, too, fails to disclose on what basis O.G. became subject to the juvenile court's jurisdiction, e.g., based on an adjudication as an unruly, delinquent, dependent, neglected, or abused child. Moreover, by its plain language, it does not constitute an extant child support order, but rather an order directing CSEA to take the preliminary action necessary to thereafter establish a child support order applicable to the underlying case. No order actually establishing child support exists in the record.

{¶20} Even construing the allegations in the pleadings and all documentary evidence in the light most favorable to the Department and further resolving all reasonable competing inferences in favor of DJFS as the non-moving party, this Court concludes that there is nothing

in the record to demonstrate that the Department invoked the continuing jurisdiction of the juvenile court over issues relating to O.G. beyond O.G.'s attainment of the age of eighteen. The juvenile court lost jurisdiction and authority over Mr. Gossick with regard to issues concerning O.G. once O.G. was no longer a child, i.e., upon attainment of the age of eighteen, unless one of the express grounds for extension of jurisdiction existed. In this case, there is nothing in the Department's complaint nor in any documentary evidence submitted into the record to indicate that O.G. had been adjudicated an unruly or delinquent child in case number 11JC32718. Accordingly, there is nothing in the record to support the conclusion that the juvenile court retained jurisdiction and authority over O.G. and Mr. Gossick. Finally, DJFS cites no authority, and this Court has found none, which would allow the juvenile court to issue in the first instance a retroactive order for child support regarding a person who is no longer a child and no longer otherwise subject to the juvenile court's jurisdiction. Under these circumstances, the juvenile court erred by denying Mr. Gossick's motion to dismiss DJFS's complaint for retroactive child support as there was no "child" in existence over whom the juvenile court retained jurisdiction. Mr. Gossick's second assignment of error is sustained.

## ASSIGNMENT OF ERROR I

THE JUVENILE COURT ERRED IN OVERRULING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFFS A JUDGMENT FOR RETROACTIVE CHILD SUPPORT.

{¶21} Mr. Gossick argues that the juvenile court erred by denying his motion for summary judgment. Based on this Court's resolution of the second assignment of error, we decline to address the first assignment of error as it has been rendered moot. *See* App.R. 12(A)(1)(c).

III.

**{¶22}** Mr. Gossick's second assignment of error is sustained. We decline to address the first assignment of error. The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR.


APPEARANCES:

LUCIUS C. GOSSICK, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MATT K. RECKO, Assistant Prosecuting Attorney, for Appellee.