[Cite as *State ex rel. Dewine v. Helms*, 2019-Ohio-604.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO ex rel. MICHAEL
DEWINE, ATTORNEY GENERAL OF
OHIO

     Appellee

     v.

JOEL HELMS, et al.

     Defendants

     and

JOYCE A. SCOTT

     Appellant

C.A. No.     28898

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2014-10-4644

DECISION AND JOURNAL ENTRY

Dated: February 20, 2019

SCHAFER, Presiding Judge.

**{¶1}** Appellant, Joyce Scott, Executrix of the Estate of Mildred Helms and the Estate of James J. Helms (collectively "the Estates"), appeals from the judgment entry of the Summit County Court of Common Pleas confirming sale and ordering deed and distribution. For the reasons that follow, we affirm.

I.

**{¶2}** On October 10, 2014, the State of Ohio filed its complaint for foreclosure against Joel Helms, the Unknown Heirs, Executors, Assigns of the Estate of James J. Helms, Deceased and Unknown Heirs, Executors, Assigns of the Estate of Mildred A. Helms, Deceased, the Ohio

Department of Job and Family Services, the Ohio Department of Taxation, and the City of Green. In its complaint, the State sought to enforce an unsatisfied judgment[1] the State received against Joel Helms, dba Countryview South Apartments, James J. Helms, and the Estate of Mildred Helms in the Summit County Court of Common Pleas by foreclosing on the property known as the Countryview South Apartments.

{¶3} On May 1, 2015, trial counsel filed a notice of appearance on behalf of "Joyce A. Scott, Executrix of the Estates of James J. Helms and Mildred L. Helms[2]." On that same day, trial counsel filed a motion to continue a pretrial and certification for leave to plead or otherwise respond to the State's complaint.

{¶4} On May 20, 2015, "Joyce A. Scott, Executrix of the Estates of James J. Helms and Mildred L. Helms, and on behalf of the unknown heirs, executors and assigns of James J. Helms, Deceased, and the unknown heirs, executors and assigns of Mildred L. Helms, Deceased" moved the trial court to dismiss the complaint against the "Estates of James J. Helms and Mildred L. Helms." The State responded in opposition. The trial court overruled the motion to dismiss on June 12, 2015.

{¶5} The trial court issued a judgment entry on July 5, 2016, granting summary judgment in favor of the State and the City of Green against "the Helms Defendants." Joel Helms appealed the trial court's ruling with respect to his counterclaims. This Court concluded

---

[1] *See State ex rel. Cordray v. Helms*, Summit C.P. No. CV 2007-07-4993 (Apr. 14, 2009).
[2] In the complaint, the State named as defendants the "Unknown Heirs, Executors, Assigns" of the Estates, but did not list the Estate of James or the Estate of Mildred as parties. On May 13, 2015, the State moved to substitute the Estates for the unknown individuals named in the complaint. During oral argument, counsel for Appellant indicated that the trial court had never ruled on this motion. However, neither party raised this as an issue or otherwise addressed the status of the Estates as parties to the action, and we decline to explore such issues sua sponte.

that the doctrine of res judicata barred Joel Helms's counterclaims and affirmed the judgment of the trial court. *See State ex rel. DeWine v. Helms*, 9th Dist. Summit No. 28304, 2017-Ohio-7148.

{¶6} Following that appeal, the State prompted post-decree proceedings with a praecipe for an order of sale. On September 27, 2017, Mildred's Estate filed an emergency motion to cancel the sheriff's sale, alleging lack of service of process upon Mildred's Estate. The trial court held a hearing on the issue and entered an order on October 12, 2017, overruling the emergency motion to cancel the sheriff's sale. In its ruling, the trial court found that the Estates filed a motion to dismiss pursuant to Civ.R. 12(B)(6) arguing that the claims against the Estates are time barred under R.C. 2117.06. The trial court then found that Mildred's Estate failed to raise the issue or argue insufficiency of service of process in that motion to dismiss as required by Civ.R. 12(G), thereby waiving a defense of lack of jurisdiction over the person, insufficiency of service, or insufficiency of service of process pursuant to Civ.R. 12(H)(1). The trial court further found that Mildred's Estate voluntarily participated in the proceedings and submitted itself to the court's jurisdiction, and the trial court concluded that Mildred's Estate waived the defense of insufficiency of service of process.

{¶7} The subject property sold at sheriff's sale on October 13, 2017, to "The Helms Family Revocable Living Trust dated April 19, 2000" for $500,000.00. The State filed a motion for confirmation of the sale, and Mildred's Estate responded in opposition. On November 16, 2017, the trial court issued the entry confirming sale and ordering deed and distribution.

{¶8} The Estates appealed from the November 16, 2017 judgment entry, challenging the trial court's denial of the motion to dismiss on June 12, 2015, and raising one assignment of error for our review.

II.

## Assignment of Error

**The trial court erred in denying [the Estates]' motion to dismiss based upon a lack of subject matter jurisdiction.**

{¶9} The Estates' assignment of error is purportedly based on the trial court's denial of a motion to dismiss for lack of subject matter jurisdiction.

{¶10} A motion to dismiss for lack of subject matter jurisdiction raises a question of law, which appellate courts review de novo. *Lorain Cty. Children Servs. v. Gossick*, 9th Dist. Lorain No. 13CA010476, 2014-Ohio-3865, ¶ 10. "Subject-matter jurisdiction is a court's power over a type of case." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 34. The focus of subject matter jurisdiction is "on the court as a forum and on the case as one of a class of cases, not on the particular facts of a case or the particular tribunal that hears the case." *State v. Swiger*, 125 Ohio App.3d 456, 462 (9th Dist.1998). To establish subject matter jurisdiction in the civil context, a plaintiff must allege a cause of action that is cognizable by the forum. *Id.* "Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." *Pratts* at ¶ 11.

{¶11} The type of case at issue in this matter is an action in foreclosure, and the forum is a court of common pleas. The Supreme Court of Ohio has "long held that actions in foreclosure are within the subject[]matter jurisdiction of a court of common pleas." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 20. Aside from referencing subject matter jurisdiction in the stated assignment of error, in the body of the brief the Estates do not present any argument or identify any issue relative to the trial court's subject matter jurisdiction over this foreclosure action. The Estates have not supported the contention that the trial lacked subject

matter jurisdiction or that the trial court erred in denying a motion to dismiss on such grounds, and this Court concludes that the Estates' subject matter jurisdiction argument lacks merit.

{¶12} The lone issue asserted in the brief is whether Mildred's Estate "waive[d] its objection to appearance based upon lack of jurisdiction and failure of service of process." The argument presented in the brief proclaims a lack of *personal jurisdiction* in this matter, rather than subject matter jurisdiction. The Estates contend that Mildred's Estate was never served with summons and a copy of the complaint.

{¶13} The Estates claim that they "entered a motion to dismiss, in which [they] challenged the jurisdiction of the trial court to hear this matter." The Estates acknowledge that "the primary argument in that motion was based (o)n [the S]tate's failure to bring the claim within six months of the death of decedent." However, the Estates claim to have also raised an issue as to service and therefore "combined the defenses of service of process with its claims regarding the failure to timely present the claims."

{¶14} The motion to dismiss, filed May 20, 2015, does not assert a defense on the grounds of failure of service. In that motion, the Estates argue that the State is time-barred by R.C. 2117.06 from presenting its claims against the Estates; a Civ.R. 12(B)(6) challenge for failure to state a claim upon which relief can be granted. The motion states "the first indication of the [State]'s claims would have occurred on April 30, 2015, when Joyce A. Scott was served with a copy of the [c]omplaint, well after the expiration of the six month period in which to present the claim." This Court concludes that no discernable challenge to the sufficiency of service was raised in the motion to dismiss.

{¶15} Initially, the fact that the Estates did not challenge service of the complaint in the motion to dismiss is problematic because it invalidates the entire premise of the Estates'

argument that the trial court erred by not dismissing the complaint for failure of service. This Court cannot determine that the trial court erred in denying the motion to dismiss based an issue that was not raised in the motion. Therefore, the Estates' argument fails in that regard.

{¶16} Furthermore, the Estates' failure to assert the issue of service in that motion to dismiss is fatal to the Estates' contention that personal jurisdiction is lacking on that basis. "A challenge to the court's personal jurisdiction over a defendant must generally be raised either in his answer or by a motion filed before his answer." *Suiter v. Karimian*, 9th Dist. Summit No. 27496, 2015-Ohio-3330, ¶ 13, quoting *Brislin v. Albert*, 9th Dist. Summit No. 27052, 2014-Ohio-3406, ¶ 6. Civ.R. 12(B) permits a party to assert the following defenses by motion, prior to a responsive pleading: "(1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party * * *." When the Estates filed the motion to dismiss pursuant to Civ.R. 12(B)(6), Mildred's Estate was required to "join with it the other [Civ.R. 12] motions * * * provided for and then available to [it]." Civ.R. 12(G). Because the Estates failed to include any Civ.R. 12(B)(2),(4), or (5) defenses or objections then available to it, the Estate cannot "thereafter assert by motion or responsive pleading, any of the defenses or objections so omitted * * *." Civ.R. 12(G). "A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived * * * if omitted from a motion in the circumstances described in subdivision (G) * * *." Civ.R. 12(H)(1).

{¶17} "If a party fails 'to raise the defense of insufficiency of service of process in a responsive pleading or in certain motions before a responsive pleading[,] * * * then participation in the proceedings leads to waiver of proper service and the existence of personal jurisdiction

over the party.'" *Suiter* at ¶ 13, quoting *Hubiak v. Ohio Family Practice Ctr., Inc.*, 9th Dist. Summit No. 26949, 2014-Ohio-3116, ¶ 14. The trial court correctly determined when it ruled on the Estates' emergency motion to cancel the sheriff's sale, Mildred's Estate waived the defense of insufficiency of service of process. Despite the contention in this appeal, this Court has determined that the Estates did not raise or preserve a defense of personal jurisdiction on the basis of failed or insufficient service of process in the motion to dismiss.

{¶18} Based on the foregoing, we conclude that the Estates have not demonstrated that the trial court erred in denying the motion to dismiss. The assignment of error is overruled.

III.

{¶19} The Estates' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

CARR, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

ALAN M. MEDVICK, Attorney at Law, for Appellant.

MICHAEL IDZKOWSKI, Attorney at Law, for Appellee.