DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Deutsche Bank Trust Co. America, appeals from the order of the Summit County Court of Common Pleas, which denied appellant's motion to add new party defendants. This Court affirms.
 I. {¶ 2} On September 7, 2001, Mary Ellen Rollin ("Rollin"), through an "attorney in fact," executed a note and mortgage securing same. On March 5, 2003, appellant filed a complaint in the Summit County Court of Common Pleas, alleging that it was the owner and holder of the note and mortgage and that Rollin was in default of payment from October 1, 2002. In its complaint, appellant named the Ohio Department of Jobs and Family Services ("ODJFS") as a party who "has or claims to have an interest in the premises by virtue of a Medical Estate Recovery, Claim No. WELE-3691899."
 {¶ 3} Appellant filed a motion for default judgment on July 11, 2003. On July 17, 2003, the trial court granted default and issued a decree of foreclosure. At that time, there was no evidence that appellant had filed either a preliminary judicial report or final judicial report, as required by S.C.C. Rules, Loc.R. 11.
 {¶ 4} The property at issue was noticed on October 17, 2003, for sale on November 21, 2003. On November 19, 2003, Meranicia Rollin, alleged next of kin of Rollin and the "attorney in fact" who executed the note and mortgage on behalf of Rollin, filed a suggestion of Rollin's death with the trial court. According to the death certificate filed with the suggestion of death, Rollin died on April 30, 2002.
 {¶ 5} On January 20, 2004, appellant filed a preliminary judicial report and a motion for leave to file a supplemental complaint adding new party defendants. The preliminary judicial report, dated June 15, 2003, identified a certificate of Medicaid lien in favor of ODJFS against Mary E. Rollin and a claim number WELE-3691899, which was filed July 31, 2002, three months after Rollin's death. There was no express reference to Rollin's death in the preliminary judicial report.
 {¶ 6} In its motion for leave to file a supplemental complaint, appellant sought leave to add the unknown heirs, devisees, legatees, administrators, executors and assigns of Mary Ellen Rollin; Merancia Rollin; and State of Ohio, Estate Tax Division, as necessary party defendants as a result of Rollin's death. On May 28, 2004, the trial court issued an order overruling appellant's motion to add new party defendants, which order was approved by counsel for appellant. Appellant timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The trial court abused its discretion when it denied [appellant's] motion for leave to add a new party defendant following [appellant's] discovery that defendant, mary ellen rollin, was deceased."
 {¶ 7} In its sole assignment of error, appellant argues that the trial court abused its discretion by denying appellant leave to add new party defendants pursuant to Civ.R. 21, because the proposed new party defendants are necessary for the full adjudication of the interests in the action. Appellant argues that it did not know and could not have known that Rollin had died prior to her suggestion of death. Because the property at issue would pass to Rollins' heirs or devisees, appellant asserts that their joinder is necessary. In addition, appellant asserts that it did not delay in its attempt to join necessary parties. Further, appellant argues that the trial court's denial of its motion provides an inequitable benefit to the proposed new party defendants, who will suffer no prejudice by their joinder. This Court disagrees.
 {¶ 8} This Court reviews a trial court's denial of a motion to add new parties pursuant to Civ.R. 21 under an abuse of discretion standard. Darbyv. A-Best Prod. Co., 102 Ohio St.3d 410, 2004-Ohio-3720, at paragraph one of the syllabus. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 9} Civ.R. 21 provides, in relevant part: "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."
 {¶ 10} S.C.C. Rules, Loc.R. 11.01 directs that "[w]here the evidence of title indicates that necessary parties have not been made defendants, the attorney for the party filing the same shall proceed without delay to cause such new parties to be added and served." Where a motion to add new parties has been made pursuant to Civ.R. 21, the trial court should rule on the motion based on traditional grounds, including timeliness and prejudice to existing parties. Darby at ¶ 16.
 {¶ 11} In this case, Mary Ellen Rollin, the party allegedly responsible on the note and mortgage, died prior to the filing of appellant's complaint. Despite appellant's failure to file a preliminary judicial report until after the decree of foreclosure was entered,[1]
it appears that appellant must have been aware of the information therein; because appellant referenced the Medicaid lien in favor of ODJFS and the department's pending claim in its complaint.
 {¶ 12} Research of the applicable public welfare law would have revealed that, while ODJFS may place a lien on the recipient's real property during the recipient's lifetime, it is not permitted to seek recovery of medical assistance correctly paid until after the recipient's death. R.C. 5111.111 and 5111.11. By virtue of the department's claim, which was filed three months after Rollin died, appellant was placed on constructive notice that Rollin had died.
 {¶ 13} Notwithstanding such notice, appellant failed to file its motion to add new party defendants until after suggestion of death. The suggestion of Rollin's death was filed November 19, 2003, yet appellant did not file its motion to add new party defendants until nearly two months later on January 20, 2004.
 {¶ 14} Most significant, however, is that appellant did not move the trial court for leave to add new party defendants until six months after the decree of foreclosure was entered in the case. The foreclosure action had already proceeded to final judgment. It is axiomatic that a final judgment is "`imbued with a permanent character.'" Cale Prod., Inc. v.Orrville Bronze Aluminum Co. (1982), 8 Ohio App.3d 375, 378; see, also, Civ.R. 58. Therefore, after final judgment has been entered, the trial court may only consider those motions made pursuant to the Civil Rules of Procedure, specifically, a motion notwithstanding the verdict, pursuant to Civ.R. 50(B); a motion for new trial, pursuant to Civ.R. 59; or a motion for relief from judgment, pursuant to Civ. R. 60. Pitts v.Dept. of Transp. (1981), 67 Ohio St.2d 378, 380. Any other motion after final judgment has been entered is a nullity. Id.
 {¶ 15} In this case, because default judgment and a decree of foreclosure were previously entered, the only vehicle through which appellant could challenge the judgment on the basis of lack of necessary parties was to file a motion for relief from judgment, pursuant to Civ.R. 60(B). Appellant concedes that it did not file such motion. Under the circumstances, this Court finds that the trial court did not abuse its discretion in denying appellant's motion to supplement the complaint to add new party defendants. Appellant's assignment of error is overruled.
 III. {¶ 16} Appellant's sole assignment of error is overruled. Accordingly, the order of the Summit County Court of Common Pleas denying appellant's motion to supplement the complaint to add new party defendants is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, J., Boyle, J. concur.
[1] S.C.C. Rules, Loc.R. 11.01 requires a plaintiff in a foreclosure action to file a preliminary judicial report within sixty days of the filing of the complaint. Loc.R. 11.03 requires the filing of a final judicial report before the filing of a decree of foreclosure.