[Cite as *Wells Fargo Bank, N.A. v. Russell*, 2019-Ohio-776.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| WELLS FARGO BANK, NA | C.A. No.    29005 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CATHERINE RUSSELL, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CV-2011-08-4496 |

DECISION AND JOURNAL ENTRY

Dated: March 6, 2019

TEODOSIO, Presiding Judge.

{¶1}    Catherine Russell appeals the judgment of the Summit County Court of Common Pleas granting Wells Fargo Bank, N.A.'s motion for summary judgment and entering a decree of foreclosure.  We reverse and remand.

I.

{¶2}    In August 2011, Wells Fargo Bank, N.A., as trustee for SABR Trust ("Wells Fargo"), filed a foreclosure complaint against Catherine Russell.  After an unsuccessful attempt at mediation, the trial court granted summary judgment in favor of Wells Fargo and issued a decree of foreclosure on October 24, 2013.  An attempted appeal to this Court was dismissed for the lack of a final, appealable order because the foreclosure decree failed to specify the priority of liens and the amounts due the lienholders.  *Wells Fargo Bank, N.A. v. Russell*, 9th Dist. Summit No. 27453 (Oct. 17, 2014).

{¶3} In March 2015, the trial court granted Wells Fargo's motion to add defendant Barberton Hospital, and an amended complaint was filed in April 2015. On April 23, 2015, Ms. Russell filed an answer to the amended complaint, which the trial court struck from the record upon the motion of Wells Fargo. In June 2015, the trial court issued an order setting out the priority of liens, and Ms. Russell again attempted an appeal to this Court, which was dismissed for lack of a final, appealable order because the trial court had not addressed the amounts due to the various lienholders. *Wells Fargo Bank, N.A. v. Russell*, 9th Dist. Summit No. 27859 (Aug. 3, 2015).

{¶4} In November 2015, the trial court issued an order setting the priority and value of the liens on the property, and Ms. Russell again appealed to this Court. We again dismissed for the lack of a final, appealable order because Wells Fargo had never filed a dispositive motion with respect to the amended complaint and the trial court never issued an order subsequent to the filing of the amended complaint addressing the claims raised therein. *Wells Fargo Bank, N.A. v. Russell*, 9th Dist. Summit No. 28055, 2017-Ohio-5630, ¶ 13. We concluded:

> Assuming without deciding that it was proper for the trial court to allow Wells Fargo to add a party to the original complaint pursuant to Civ.R. 21, the subsequent filing of an amended complaint had the effect of supplanting the original pleading. The trial court's October 24, 2013 summary judgment order that was germane to the first complaint was not pertinent to the amended complaint. Because the trial court's November 19, 2015 order that was issued after the filing of the amended complaint addressed only the priority of liens, but did not speak to the underlying mortgage default issues, the trial court has not issued a final, appealable order in this matter.

(Internal quotations and citations omitted.) *Id.* at ¶ 14.

{¶5} In December 2017, Wells Fargo filed a motion for summary judgment on the amended complaint and Ms. Russell filed her memorandum in opposition. Beyond asking the trial court to deny the motion for summary judgment, Ms. Russell also requested that the October

24, 2013, entry of foreclosure be vacated, that she be permitted to file an answer to the amended complaint, and that she be permitted to conduct additional discovery.

{¶6}    On March 21, 2018, the trial court granted summary judgment in favor of Wells Fargo on its amended complaint and issued a decree of foreclosure. The trial court also modified its prior order and accepted Ms. Russell's answer to the amended complaint that was filed on April 23, 2015. The trial court declined to vacate its entry of October 24, 2013. Ms. Russell now appeals, raising three assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED IN PERMITTING THE PLAINTIFF TO FILE AN AMENDED COMPLAINT ADDING A NEW PARTY DEFENDANT WITHOUT VACATING THE OCTOBER 24, 2013[,] JUDGMENT AND WITHOUT A SHOWING OF INADVERTENCE OR EXCUSABLE NEGLECT.

{¶7}    In her first assignment of error, Ms. Russell argues the trial court erred when it permitted Wells Fargo to file an amended complaint, which added a new party defendant, without vacating the entry of October 24, 2013, and without a showing of inadvertence or excusable neglect. We disagree.

{¶8}    "Civ.R. 21 expressly governs initial nonjoinder and subsequent addition of parties [and] provides: 'Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.'" *Darby v. A-Best Prods. Co.*, 102 Ohio St.3d 410, 2004-Ohio-3720, ¶ 10, quoting Civ.R. 21. The "review of a trial court decision on a motion seeking leave to add new parties, whether filed pursuant to Civ.R. 15 or 21, is subject to an abuse-of-discretion standard of review." *Id*. at ¶ 12. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219

(1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶9} "Where a motion to add new parties has been made pursuant to Civ.R. 21, the trial court should rule on the motion based on traditional grounds, including timeliness and prejudice to existing parties." *Deutsche Bank Trust Co. America v. Rollin*, 9th Dist. Summit No. 22181, 2004-Ohio-7183, ¶ 10, citing *Darby* at ¶ 16. Although the addition of Barberton Hospital occurred more than three years after the filing of the complaint, and after the trial court had granted summary judgment in favor of Wells Fargo, we cannot conclude that the trial court abused its discretion in permitting Wells Fargo to add Barberton Hospital as a junior lien holder. As the trial court noted, the addition of Barberton Hospital did not alter the underlying merits of the action, nor did it result in prejudice to the existing parties.

{¶10} As we have previously stated, the trial court's entry of October 24, 2013, granting Wells Fargo's motion for summary judgment was not a final, appealable order. *See Wells Fargo Bank, N.A. v. Russell*, 9th Dist. Summit No. 27453, (Oct. 17, 2014). Because the order was interlocutory in nature, and not a final judgment, it was susceptible to revision by the trial court. *See* Civ.R. 54(B). "[T]he subsequent filing of an amended complaint had the effect of supplanting the original pleading * * * [and t]he trial court's October 24, 2013 summary judgment order that was germane to the first complaint was not pertinent to the amended complaint." *Wells Fargo Bank, N.A. v. Russell*, 9th Dist. Summit No. 28055, 2017-Ohio-5630, ¶ 14, citing *Schaffer v. Huntington Natl. Bank*, 9th Dist. Lorain No. 14CA010574, 2015–Ohio– 207, ¶ 5–8. Therefore, at the time the amended complaint was filed, the entry of October 24, 2013, became a nullity.

{¶11} Although we believe a better practice in order to avoid confusion would have been for the trial court to vacate the entry of October 24, 2013, we cannot conclude the trial court erred in failing to do so.

{¶12} Ms. Russell's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN INITIALLY STRIKING RUSSELL'S AMENDED ANSWER, BUT LATER ALLOWING THAT ANSWER AND IMMEDIATELY RULING UPON SUMMARY JUDGMENT.

{¶13} In her second assignment of error, Ms. Russell argues the trial court erred in striking, and subsequently allowing her amended answer, and in then immediately ruling on summary judgment. We disagree.

{¶14} Wells Fargo filed its amended complaint on April 9, 2015, and Ms. Russell filed her answer to the amended complaint on April 23, 2015. Upon the motion of Wells Fargo, the trial court struck Ms. Russell's answer to the amended complaint on May 14, 2015. Wells Fargo filed its motion for summary judgment on the amended complaint on December 6, 2017. On December 12, 2017, Ms. Russell filed a motion to extend her time to file a response through January 20, 2018, which was granted by the trial court.

{¶15} Ms. Russell filed her opposition brief on January 22, 2018, which was the Monday following Saturday, January 20, 2018. In addition to opposing Wells Fargo's motion for summary judgment, Ms. Russell's memorandum requested that the trial court's entry of October 24, 2013, be vacated and that she be permitted to file an answer to the amended complaint and conduct discovery. By leave of court, Wells Fargo filed its reply brief on February 8, 2018.

{¶16} On March 21, 2018, the trial court granted summary judgment in favor of Wells Fargo and entered a decree of foreclosure. The entry granting summary judgment indicated the trial court was thereby accepting and considering Ms. Russell's answer to the amended complaint that had been filed on April 23, 2015, and that had been subsequently struck by the trial court.

{¶17} "[A] trial court's ruling which strikes a pleading will be reversed only upon a showing of an abuse of discretion." *Wade v. Gehrlien*, 11th Dist. Trumbull No. 91-T-4592, 1992 WL 192449, *2 (June 30, 1992). Likewise, "[i]t is well established that the decision as to whether or not to grant a moving party's request for leave to plead is well within the discretion of the trial court." *Chef Italiano v. Crucible Dev. Corp.*, 9th Dist. Summit No. 22415, 2005-Ohio-4254, ¶ 45. Although the trial court initially struck Ms. Russell's answer to the amended complaint, it subsequently accepted the answer. The trial court also granted Ms. Russell an extended period of time to respond to Wells Fargo's motion for summary judgment. Ms. Russell fails to demonstrate any prejudice as a result of either of these circumstances. *See* Civ.R. 61. We cannot conclude the trial court abused its discretion.

{¶18} Likewise, we find Ms. Russell's argument that she was denied an opportunity to conduct discovery without merit. A trial court has the inherent authority to control its docket and to decide discovery matters. *Evans v. Sayers*, 4th Dist. Ross No. 04CA2783, 2005–Ohio–2135, ¶ 19; *Riggs v. Richard*, 5th Dist. Stark No. 2006CA00234, 2007–Ohio–490, ¶ 15; *Wooten v. Westfield Ins. Co.*, 181 Ohio App.3d 59, 2009–Ohio–494, ¶ 20 (8th Dist.). *See also State ex rel. Grandview Hosp. and Med. Ctr. v. Gorman*, 51 Ohio St.3d 94, 95 (1990) ("Trial courts have extensive jurisdiction and power over discovery."); *State ex rel. Citizens for Open, Responsive & Accountable Govt. v. Register*, 116 Ohio St.3d 88, 2007–Ohio–5542, ¶ 18 ("[C]ourts have broad

discretion over discovery matters."). This Court will not reverse a trial court's decision concerning the regulation of its discovery proceedings absent an abuse of discretion. *Wayne Cty. Natl. Bank v. CFP Leasing Ltd. Partnership*, 9th Dist. Wayne No. 02CA0058, 2003–Ohio–2028, ¶ 8.

{¶19} Ms. Russell has failed to show that she had been prevented from conducting discovery at any point in the proceedings, either in the years prior to the amended complaint or at any time subsequent to it. We conclude the trial court did not abuse its discretion in not providing Ms. Russell with additional time to conduct discovery.

{¶20} Ms. Russell's second assignment of error is overruled.

ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE PLAINTIFF ON THE NOTE AND MORTGAGE.

{¶21} In her third assignment of error, Ms. Russell argues the trial court erred in granting summary judgment in favor of Wells Fargo. Specifically, she contends that the affidavit provided in support of the motion for summary judgment was deficient. We agree.

{¶22} Appellate review of an award of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358–359 (1992). A trial court does not have the liberty to choose among

reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor. *Perez v. Scripps–Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

{¶23} {¶ 7} The Supreme Court of Ohio has set forth the nature of this burden-shifting paradigm:

> [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

*Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

{¶24} "[A]ffidavits submitted in support of or in opposition to motions for summary judgment 'shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.'" *Maxum Indemnity Co. v. Selective Ins. Co. of S.C.*, 9th Dist. Wayne No. 11CA0015, 2012–Ohio–2115, ¶ 18, quoting Civ.R. 56(E). "In addition, Civ.R. 56(E) provides that '[s]worn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.'" *Deutsche Bank Natl. Trust Co. v. Dvorak*, 9th Dist. Summit No. 27120, 2014–Ohio–4652, ¶ 10. Generally, "a mere assertion of personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) if the nature of

the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit." *Bank One, N.A. v. Lytle*, 9th Dist. Lorain No. 04CA008463, 2004–Ohio–6547, ¶ 13. It is only when "particular averments" in an affidavit undermine the likelihood that the affiant has personal knowledge of the facts that more than a conclusory statement of personal knowledge is required. *Deutsche Bank Natl. Trust Co. v. James*, 9th Dist. Summit No. 28156, 2016–Ohio–7950, ¶ 10.

{¶25} To succeed in a foreclosure action, a plaintiff must present evidence showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due. *Deutsche Bank Natl. Trust Co. v. James*, 9th Dist. Summit No. 28156, 2016–Ohio–7950, ¶ 8. In support of its motion for summary judgment, Wells Fargo provided the affidavit of Diane Weinberger, a Document Control Officer at Select Portfolio Servicing, Inc. ("SPS"), the loan servicer and attorney-in-fact for Wells Fargo Bank, N.A. as trustee for SABR Trust. Ms. Russell contends that the affidavit of Diane Weinberger fails to provide evidence showing both that Ms. Russell is in default and the amount due on the note.

{¶26} Exhibit A-4, identified by Ms. Weinberger as a notice of default, consists of two letters sent to Ms. Russell by American Home Mortgage Servicing, Inc. notifying her that her mortgage payment was delinquent, and dated January 21, 2011, and February 21, 2011, respectively. The letters were clearly not produced by SPS and were sent years prior to SPS acquiring the loan. The exhibit relied upon to show the amount due was marked as Exhibit A-5, and consists of ten pages entitled "Payment History Report," consisting of dates beginning June 23, 2015, and ending September 14, 2017. The first page of the document was marked with the

logo of Select Portfolio Servicing, Inc. The document also indicates that the current principal balance on the loan was $128,775.49. Although the document indicates that it was produced by SPS, it is apparent from the dates on the document that the report only covers data produced after SPS became the servicer of the loan in June 2015. The amount listed as the current principal balance on the loan was arrived at through transactions that occurred prior to June 2015. Exhibit A-5 provides no evidence of the process or transactions used to arrive at the amount of $128,775.49.

{¶27} The basis under which Ms. Weinberger authenticates these documents is as a "Document Control Officer" at SPS. Her affidavit states:

> Ocwen Loan Servicing, LLC ("Ocwen") serviced Ms. Russel's Loan prior to SPS. As servicer, Ocwen maintained records for Ms. Russell's Loan on behalf of Wells Fargo. When SPS began to service the Loan in June 2015, Ocwen's records were integrated and boarded into SPS's systems such that Ocwen's records, including the collateral file, payment history, communication logs, default letters, and other information and documentation concerning the Loan became a part of SPS's records. SPS maintains quality control and verification procedures as part of the loan boarding process to ensure the accuracy of the records it receives from a prior servicer. It is the regular practice of SPS to integrate the prior servicer's records into SPS's business records and to rely upon those records in providing loan servicing functions. Here, Ocwen's records have been integrated in SPS's systems and relied upon by it in servicing Ms. Russell's Loan.

{¶28} "The party seeking to admit the business records must provide the appropriate foundation for admission which indicates that the witness 'possess[es] a working knowledge of the specific record-keeping system that produced the document.'" *Monroe v. Steen*, 9th Dist. Summit No. 24342, 2009-Ohio-5163, ¶ 13, quoting *State v. Aberle*, 5th Dist. Fairfield No. 03 CA 96, 2004–Ohio–7093, ¶ 24-26. "The witness must be 'familiar with the operation of the business and with the circumstances of the preparation, maintenance, and retrieval of the record in order to reasonably testify on the basis of this knowledge that the record is what it purports to be, and was made in the ordinary course of business.'" *Id.*, quoting *State v. Baker*, 9th Dist. Summit No.

21414, 2003–Ohio–4637, at ¶ 11. "A witness who merely receives and retains records produced by another business does not necessarily have a 'working knowledge of the specific record-keeping system that produced the document.'" *Id.* at ¶ 14, quoting *Aberle* at ¶ 26.[1]

{¶29} With regard to Exhibit A-4 and Exhibit A-5, we conclude that Ms. Weinberger's affidavit fails to demonstrate familiarity with the circumstances of the preparation, maintenance, and retrieval of the record in order to reasonably testify on the basis of this knowledge that the record is what it purports to be, and was made in the ordinary course of business. As a consequence, Wells Fargo failed to provide conclusive evidence of both the default and the amount due on the note. Because genuine issues of material fact therefore remained to be litigated, the trial court erred in granting summary judgment.

{¶30} Ms. Russell's third assignment of error is sustained.

---

[1] We note that despite Wells Fargo's claim to the contrary, this Court has not adopted the "adoptive business records doctrine," which permits exhibits to be admitted as business records of an entity even when the entity was not the maker of the records. *See, e.g., Green Tree Servicing, L.L.C. v. Roberts*, 12th Dist. Butler No. CA2013-03-039, 2013-Ohio-5362, ¶ 30. The doctrine does not require the witness whose testimony establishes the foundation for a business record to have personal knowledge of the exact circumstances of preparation and production of the document or of the transaction giving rise to the record. *Id.* Under this doctrine, records need not be actually prepared by the business offering them if they are received, maintained, and relied upon in the ordinary course of business and incorporated into the business records of the testifying entity. *Id.*

In its brief to this Court, Wells Fargo cites to our decision in *Christiana Trust v. Barth*, 9th Dist. Lorain No. 14CA010959, 2017 WL 3135927 (July 24, 2017). In *Barth*, the affiant case manager for the loan servicer "testified that he was familiar with the policies and procedures for Christiana Trust's recordkeeping practices through the performance of his job duties * * * [and] based upon his personal knowledge, the business records were kept in the course of Christiana Trust's regularly conducted business activities and were created by them as a regular practice." *Id.* at ¶ 16. He further testified that based upon his personal knowledge "the records contained within the loan file were made at or near the time of the occurrence of the matters and were recorded by persons with personal knowledge of the information in the business record or from information transmitted by persons with personal knowledge." *Id.* Thus, the basis for allowing authentication of the business records in *Barth* was personal knowledge, not merely the fact that they were "received, maintained, and relied upon in the ordinary course of business and incorporated into the business records of the testifying entity." *See Roberts* at ¶ 30.

III.

{¶31} Ms. Russell's first and second assignments of error are overruled. Her third assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and remanded.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

WILLIAM C. BEHRENS and MARC E. DANN, Attorneys at Law, for Appellant.

MATTHEW J. RICHARDSON, Attorney at Law, for Appellee.