[Cite as *Huntington Natl. Bank v. Anderson*, 2020-Ohio-4174.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

THE HUNTINGTON NATIONAL BANK

    Appellee

    v.

ROSALIE A. ANDERSON

    Appellant

C.A. Nos.    19CA011482
                  19CA011520

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    16CV190291

DECISION AND JOURNAL ENTRY

Dated: August 24, 2020

---

SCHAFER, Judge.

{¶1} Defendant-Appellee, Rosalie Anderson, appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} The facts relevant to the present appeal are as follows. In February 2009, Ms. Anderson executed a promissory note for $181,319.00 in favor of Plaintiff-Appellant Huntington National Bank ("Huntington") for real property located at 9008 Stonegate Circle in North Ridgeville ("Property"). As security for the note Ms. Anderson signed a mortgage on the Property in favor of Mortgage Electronic Registration Systems, Inc., ("MERS") as nominee for Huntington. In 2012, MERS assigned the mortgage to Huntington.

{¶3} Huntington commenced an in rem foreclosure action on August 19, 2016, naming Ms. Anderson, Stonegate at Waterbury Planned Unit Development Owners' Association, Waterbury Homeowners Association, Inc., and the Treasurer of Lorain County as defendants.

Huntington later amended the complaint. In the amended complaint, Huntington alleged that it was the holder of, and/or entitled to enforce, the note and mortgage. Huntington referenced the copy of the note, endorsed in blank, attached to the complaint, and asserted "that the whereabouts of the original note is unknown and has been either misplaced or lost[.]" The amended complaint further alleged that there had been a default under the terms of the note and mortgage, that Huntington had satisfied all conditions precedent, and that $168,936.43 plus interest was due and owing. Huntington asserted that, due to Ms. Anderson's bankruptcy petition, Huntington was pursuing an in rem action only, and not seeking a personal judgment against Ms. Anderson.

{¶4} Ms. Anderson moved the trial court to dismiss the amended complaint for failure to state a claim upon which relief may be granted. In the motion, Ms. Anderson argued that Huntington failed to "state a claim sufficient to prevail on a lost note claim." The magistrate denied the motion to dismiss, and Ms. Anderson moved the trial court to set aside the magistrate's ruling. The trial court overruled the motion to set aside. Thereafter, Ms. Anderson answered the amended complaint.

{¶5} Huntington filed a motion for summary judgment, which included a lost note affidavit and several accompanying documents, including copies of the note, mortgage, and assignment. Huntington maintained that it was the holder of the note and assignee of the mortgage, that Ms. Anderson was in default for failing to make payments due from September 1, 2015, and that all conditions precedent under the note and mortgage had been met. Ms. Anderson opposed the motion.

{¶6} Ultimately, the trial court granted summary judgment in favor of Huntington and issued a decree of foreclosure. In the decree, the trial court acknowledged that Huntington filed a lost note affidavit wherein the affiant attested to the authenticity of the exhibits, that the original

note was lost or destroyed, and that the loss of possession of the note was not the result of a transfer or lawful seizure. The trial court indicated that it had previously determined that Huntington had standing and was entitled to enforce the note and the mortgage, which was the valid first mortgage lien upon the property, subject only to a lien of the Treasurer for taxes. The trial court further found that the conditions of the mortgage had been broken and Huntington was entitled to foreclose.

{¶7}   Ms. Anderson timely appealed, raising one assignment of error for our review.

II.

**Assignment of Error**

**The trial court erred in denying [Ms. Anderson]'s motion to dismiss for failure to state a claim upon which relief may be granted when [Huntington]'s complaint seeks enforcement of a lost promissory note but fails to allege the facts entitling it to relief under [R.C.] 1303.38, and when the trial court could not reasonably infer from the complaint that the proof required for enforcement would be produced at trial.**

{¶8}   In her sole assignment of error, Ms. Anderson argues that the trial court erred when it denied her motion to dismiss the amended complaint because Huntington failed to "put forward direct allegations on [] material elements" of its claim.

{¶9}   A Civ.R. 12(B)(6) motion tests the sufficiency of the complaint, and dismissal is appropriate where the complaint "fail[s] to state a claim upon which relief can be granted." "[T]o survive a motion to dismiss for failure to state a claim upon which relief can be granted, a pleader is ordinarily not required to allege in the complaint every fact he or she intends to prove * * *." *State ex rel. Hanson v. Guernsey Cty. Bd. Of Commrs.*, 65 Ohio St.3d 545, 549 (1992). However, "the complaint must still set forth operative facts to give the opposing party 'fair notice of the nature of the action.'" *Vagas v. City of Hudson*, 9th Dist. Summit No. 24713, 2009-Ohio-6794, ¶ 10, quoting *Mogus v. Scottsdale Ins. Co.*, 9th Dist. Wayne Nos. 03CA0074, 04CA002, 2004-Ohio-

5177, ¶ 15. "A 'short and plain statement of the claim' will do." *Gall v. Dye*, 9th Dist. Lorain No. 98CA007183, 1999 WL 692440, *4 (Sept. 8, 1999), quoting Civ.R. 8(A).

{¶10} When construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). Before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling plaintiff to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. This Court reviews an order granting a Civ.R. 12(B)(6) motion to dismiss de novo. *Perrysburg Twp. v. City of Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5. "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

{¶11} In her merit brief, Ms. Anderson specifically acknowledges that she "does not challenge the fact that Huntington later met its burden of proof under [R.C.] 130[3].38[,]" nor does she "argue that lost promissory note allegations should be subject to the heightened pleading standards of [Civ.R. 9]." Instead, Ms. Anderson argues that Huntington failed to state the elements entitling it to relief under R.C. 1303.38, and "the trial court could not reasonably infer that Huntington would later be able to prove the missing elements."

{¶12} "An action in foreclosure constitutes a proceeding for the legal determination of the existence of a mortgage lien, the ascertainment of its extent, and the subjection to sale of the property pledged for its satisfaction, and no more." *Carr v. Home Owners Loan Corp.*, 148 Ohio St. 533, 540 (1947). To prevail in a foreclosure action a party must establish: (1) that it is the holder of a note and mortgage, or is a party entitled to enforce the instrument; (2) if it is not the

original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due. *Wells Fargo Bank, NA v. Russell*, 9th Dist. Summit No. 29005, 2019-Ohio-776, ¶ 25.

{¶13} R.C. 1303.31(A) identifies three classes of persons "entitled to enforce" an instrument, such as a note: "(1) [t]he holder of the instrument; (2) [a] nonholder in possession of the instrument who has the rights of a holder; [and] (3) [a] person not in possession of the instrument who is entitled to enforce the instrument pursuant to [R.C.] 1303.38 or [R.C.1303.58(D)]." R.C. 1303.38(A) provides that "[a] person not in possession of an instrument is entitled to enforce the instrument if all of the following apply:"

> (1) The person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred.

> (2) The loss of possession was not the result of a transfer by the person or a lawful seizure.

> (3) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

"A person seeking enforcement of an instrument under [R.C.1303.38(A)] must prove the terms of the instrument and the person's right to enforce the instrument." R.C. 1303.38(B).

{¶14} In her argument, Ms. Anderson implies that R.C. 1303.38 creates an independent cause of action to recover on a lost note. However, Huntington did not pursue, and R.C. 1308.38 does not provide, a cause of action specific to a lost note. Huntington alleged that Ms. Anderson defaulted on the note and breached the terms of the mortgage, and that Huntington was the holder and or entitled to enforce a note and mortgage. Consequently, Huntington elected a remedy to collect the debt secured by the mortgage by pursuing "a foreclosure action to cut off [Ms.

Anderson]'s right of redemption, [and] determine the existence and extent of the mortgage lien[.]" *Deutsche Bank Natl. Tr. Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, ¶ 21, 24.

{¶15} "To achieve *judgment* on its foreclosure claim, [Huntington Bank] needed to prove that it was the party entitled to enforce the note[.]" *Id.* at ¶ 33. Huntington had the burden to prove, by a preponderance of the evidence, that it was entitled to recover on the lost note in order to *obtain judgment* on the note. *See Bank of New York Mellon Corp. for Specialty Underwriting & Residential Fin. Tr., Series 2005-BC4 v. Erickson*, 5th Dist. Stark No. 2016CA00155, 2017-Ohio-599, ¶ 27, citing *In re Perrysburg Marketplace Co.,* 208 B.R. 148 (Bankr.N.D.Ohio 1997). Ms. Anderson concedes that Huntington has done as much through its summary judgment motion. However, there is much less required of a party in terms of pleading a claim, compared to what a party must prove in order to enforce the note and obtain a judgment. *See* Civ.R. 8(A); *Vagas*, 2009-Ohio-6794 at ¶ 10.

{¶16} In the amended complaint, Huntington alleged that it was holder of, and/or entitled to enforce the note and mortgage. Huntington acknowledged that, due to Ms. Anderson's bankruptcy petition, it was not seeking a personal judgment on the note but was only seeking to enforce its security interest against the property. Huntington attached to the amended complaint a copy of the mortgage and a copy of the note, evidencing that Huntington was the original lender on the note, and acknowledged that the original note was lost or misplaced. Therefore, Huntington sufficiently pleaded that it had a right to enforce the mortgage and the note secured by the mortgage to state its claim for foreclosure. Regardless of whether Huntington would eventually be required to prove that it was entitled to enforce the lost note pursuant to R.C. 1303.38, it was not required to plead specific facts to support the factors of that statute in its pleading.

{¶17}  Ms. Anderson has not presented any legal authority to support her argument that, in order to state a claim for foreclosure, a mortgagee who has lost or misplaced a noted must allege facts in the complaint to demonstrate its ability to satisfy R.C. 1303.38.  Contrary to Ms. Andersons's contention, we conclude Huntington was not required to allege specific facts to show that it was entitled to enforce the lost note pursuant to R.C. 1303.38 at the pleading stage.  Thus, we conclude, the trial court did not err by denying Ms. Anderson's motion to dismiss.

### III.

{¶18}  Ms. Anderson's assignment of error is overruled.  The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ERIC F. HERMAN, Attorney at Law, for Appellant.

SCOTT A. KING, Attorney at Law, for Appellee.